# ABNER BASSETT, Appellant, *v.* JAMES ENWRIGHT, Respondent.

Where the complaint avers that "the space formed by the junction of Market and Bush streets had been laid out, graded and planked, and that the space formed as aforesaid is a space formed by the junction of two streets, terminating at the same point, according to the provision of section thirty-seven of the Consolidation Act;" and the answer avers, that "the space formed by the junction of Market and Bush streets, as mentioned in the complaint, is not formed by the junction of two streets terminating at the same point, within

the true intent and meaning of the thirty-seventh section of the Consolidation Act:" *Held,* that the answer meets the allegation of the complaint as to the manner in which the space is formed, and that if no material issue is made on this point, it is because the material fact, to wit: that the space was formed by the junction of two streets terminating at the same point, is not directly alleged.

The expressions "according to" and "according to the true intent and meaning of," as here used, mean the same thing.

That part of section thirty-seven of the Consolidation Act of San Francisco, which speaks of a "space formed by the junction of two streets *terminating* at the same point," does not mean a space formed by the *intersection* of two streets; or the space formed where one street intersects and *stops at* another street which continues on—as where Battery intersects and stops at Market street; and for repairs to such space all the lots in the block adjoining the space cannot be assessed—the latter part of section thirty-seven not applying to such a case, and the provision therein for assessing all the lots where the streets are not parallel, and hence the blocks are of irregular shape, also being inapplicable.

For repairs to the space formed by the intersection of Battery and Market streets, the Consolidation Act makes no provision, unless the expenses of such repairs could be charged as local repairs under section fifty-six, solely upon the lots on the south side of Market street; and this question is not raised.

Where a lot is not liable to be assessed for repairs under the Consolidation Act, the owner thereof is not a party directly interested in the contract, work or assessment within the forty-fifth section, and is not bound to appeal from the assessment. This section does not mean that a mere stranger to the locality must appeal from the assessment to the Board of Supervisors, or be cut off from his defense.

APPEAL from the Fourth District.

In May, 1859, the space formed by the junction of Battery and Market streets, San Francisco, having been previously graded, planked, etc., needed repairs, and the preliminary steps required by the Consolidation Act having been taken, the Supervisors published the usual notice for proposals, and in August, 1859, a contract was made between the Superintendent of Public Streets and plaintiff, as the lowest bidder for the work; the Superintendent of Streets approved the same, and thereupon, in the language of the findings, plaintiff did the work and the Superintendent of Streets apportioned the total amount of the cost of the work, $1,677.34, to and against the several owners of the lots situate in the irregular block bounded on the north by Bush street, east by Battery street, west by Sansome street, and on the south partly by Sutter street

and partly by Market street, and in the irregular block bounded north by Bush street, west by Battery street and south by Market street, defendant's assessment being two hundred and ninety-two dollars. No appeal having been taken from the assessment, the Superintendent gave plaintiff the proper warrant authorizing him to receive the amount of said assessment, and defendant having refused to pay, suit is brought.

The Court below finds that Battery intersects and terminates at Market street, but that Market continues on; and also that "on the south side of Market street and fronting thereon, and opposite the terminus of Battery street, is a regular block in a square shape, and that no portion of the lots situate in said block was included in said assessments, but the whole cost of said repairs was apportioned amongst the several owners of lots situate in the two irregular blocks hereinbefore mentioned."

The repairs were made on that part of the space formed by the junction of Battery and Market streets, where Battery joins Market, being on the north-westerly half of the latter street.

The Court below concluded the assessment to defendant to be contrary to law and void, and gave him judgment.

Plaintiff appeals.

*Porter & Sawyer*, for Appellant.

I. The material allegations of the complaint are not denied in the answer.

II. The space formed by the intersection of Battery and Market streets is a space formed by the "junction of two streets" within the Consolidation Act. Battery street cannot, for the purpose of assessment for repairs, be considered as extending across Market street, so as to make the lots on the south side of the latter liable for their proportion of the repairs in question.

III. If the assessment was erroneous, irregular or oppressive, defendant ought to have appealed to the Board of Supervisors. (Stat. 1856, 158, sec. 45; *Merrill* v. *Gordon*, 6 Cal. 41; *Williams* v. *Holden*, 4 Wend. 223.)

*Crockett & Crittenden*, for Respondent.

I.   The assessment was illegal, because the space formed by the junction of Market and Battery streets, within the meaning of the Act of 1856 as amended by the Act of 1859, is the space which would be covered by an extension of Battery street *across* Market street to its.southern line, and not the space formed by extending Battery street to the *center* of Market street.   When one street runs into and terminates at another, there is strictly no " space formed by the junction of two streets."   In this case, for example, the space opposite the intersection of Battery and Market streets, is to all intents a part of Market street, and is no part of Battery street, which terminates at the *north line* of Market; and there is no reason why it should not extend entirely *across* Market street instead of stopping at the center.   If this be the true construction, the assessment in this case was illegal; because it ought to have included the property on the south side of Market street.

If Battery street be considered as extending across Market street, and if the space covered by both streets be considered as " the space formed by the junction of two or more streets," then the cost of repairing the *whole* would be assessed on the quarter blocks on *each side* of Market street.   There would be some fairness and some pretense of equality in this, but to require two small fractional blocks, on the north side of Market street, to keep that street in repair to its center opposite the end of Battery street, whilst large full sized blocks on the south side of Market are only required to keep in repair a space of the same size on the south side of Market, opposite the end of Battery street, would operate as a gross injustice, which would only be increased by imposing on the property *fronting* on Market street, on the south side opposite Battery street, the entire cost of keeping Market street in repair to its center, instead of assessing it on the quarter blocks.   We should give such a construction, if practicable, to the act as would equalize as nearly as possible the burdens to be borne by the property holders.   Our construction promotes this equality, whilst an opposite one destroys it.

NORTON, J. delivered the opinion of the Court—FIELD, C. J, and COPE, J. concurring.

This is an action brought to recover of the defendant, as owner of a lot of land situate at the south-east corner of Bush and Sansome streets, in the city of San Francisco, the amount assessed to him as such owner for repairs done on the north-west half of Market street, at the point where it is joined by Battery street. The complaint alleges that the space formed by the junction of Market and Battery streets had been laid out, graded and planked, and that the place formed as aforesaid is a space formed by the junction of two streets terminating at the same point, according to the provision of section thirty-seven of the Consolidation Act. For answer to this allegation the defendant says, that the space formed by the junction of Market and Battery streets, as mentioned in the complaint, is not formed by the junction of two streets terminating at the same point, within the true intent and meaning of the thirty-seventh section of the Consolidation Act. The appellant claims, under the authority of the case of *Busenius* v. *Coffee*, (14 Cal. 91) that the material allegation of the complaint as to the manner in which the space in question is formed is not denied by this answer. But the plaintiff obviously supposed that the material allegation to enable him to maintain this action was, that the space was formed by the junction of two streets terminating at the same point. He apparently did not feel authorized to state this fact in direct terms, and therefore having stated, by way of introduction, that a certain space formed by the junction of two streets had been laid out, etc., he then avers that the space so formed is a space formed by the junction of two streets terminating at the same point, according to section thirty-seven. The answer meets this allegation. The expressions " according to," and " according to the true intent and meaning of," signify the same thing, and if a material issue is not presented, it is because the material fact was not directly alleged.

The Court below finds as the fact, that Battery street intersects and terminates at Market street, but that Market street does not terminate at that point of intersection ; and under this finding the space in question cannot, without violence to the meaning of plain language, be held to be such a space as is intended by that portion of section thirty-seven, which speaks of a space formed by the

junction of two streets terminating at the same point.   It would more readily fall within the meaning of a space formed by the junction of two or more streets mentioned in the first sentence of that section ; but the expression there, as is apparent by the context, is intended to be synonymous with street crossing, the expenses of which are to be defrayed by the quarter blocks cornering on it, and there being in this section no provision for charging the lots on the side opposite the intersecting street, and no authority for limiting the space formed by the junction of two streets to one-half of either of the streets.   It appears, therefore, that as the law stood when these repairs were ordered, there was no provision applicable to the space in question, unless the expenses could be charged as local repairs, under section fifty-six, solely upon the lots on the south side of Market street, and which is not the location of defendant's lot.

As the defendant's lot was not liable to be assessed at all, he was not a party directly interested in the contract, work or assessment, within the meaning of section forty-five, and was not bound to appeal from the assessment, pursuant to the provisions of that section. Although assessed, and in that sense he might be said to be interested in the assessment, we cannot hold this section to mean that a mere stranger to the locality, and who might have no suspicion that he had been assessed until too late to appeal, should be cut off from his defense.

Judgment affirmed.