Mr. Justice NELSON.
 

 This is a writ of error to the Supreme Court of the Territory of Nebraska.
 

 The suit was brought in the Court below by Campbell ■ against the City to recover damages for injuries received by reason of a defective bridge in one of the streets in the City.
 

 The charter vested in the City Council the title to all the streets within the corporate limits, and it is made their duty to construct and improve the same at the public's expense; for this purpose, and others, the counsel are authorized to levy a tax on all the taxable property within the City. This provision in Tespect to streets necessarily embraces all bridges within the limits of the City and constituting a part of the street.
 

 
 *592
 
 There is also a general act referred to, which, among other things, confers upon all incorporated Cities exclusive jurisdic tion over all streets, roads, bridges, and ferries within their cor porate limits, and exempting the inhabitants from any assess ment for road tax except by the corporate authorities of the same.
 

 The law is well settled in respect to public municipal corpo rations, upon which the duty is imposed to construct and repair, or to keep in repair streets or bridges, and upon which is also conferred the means of accomplishing such duty, that they are liable for any special damage arising out of neglect in keeping the same-in proper condition.
 

 The principle was very fully considered at the last term in the case of
 
 Weightman
 
 vs.
 
 The Corporation of Washington,
 
 where all the authorities will be found collected and examined. 1 Black, pp. 39, 51, 52, 53.
 

 The plaintiff was a practising physician, and in the course of the trial evidence was given, after objection, that he was engaged in extensive practice at the time of the injury, and also that it was a period of great sickness in the community.
 

 The declaration states that the plaintiff was a physician at the time of the injury, and after describing the nature and extent of it, adds that by reason thereof, he was greatly bruised, sick and-lame, and so continued for a long space of time, to wit, for the space qf six. weeks, and during all' that time suffered great pain, and was prevented from transacting his ordinary business as a physician during that time.
 

 Now, the evidence in question was relevant and pertinent, with- a view to show the extent and amount of the ordinary business of the plaintiff in his profession, of which it is averred he was deprived during the time- of his disability, and laid a foundation which enabled the jury with some degree of cerlainty to ascertain the direct and necessary, damages sustained from the • injuries.
 

 - In the case, of
 
 Wade
 
 vs.
 
 Leroy et al.,
 
 (20 How., 34, 43, 44), whicifwasan action for injuries to the plaintiff for carelessly navigating' a ferry boat, the Court held that proof of the ordi
 
 *593
 
 nary "business in which the plaintiff was engaged, and that he was largely engaged in it, was admissible and pertinent upon the question of damages, though the fact was not set out in the declaration. The proof was regarded as showing the direct and necessary loss or damage from the injuries sustained. •
 

 The case before us is broken into many points, and prayers to-the Court for instructions to the jury, but those noticed above cover all that is material to dispose of it.
 

 Judgment of the Court-below affirmed.