## THE BEAR RIVER AND AUBURN WATER AND MINING COMPANY *v.* JOHN BOLES, WILLIAM STRAP, AND JOHN TYLER. No. 1.

NEW TRIAL—NOTICE.—Notice of intention to move for a new trial must be given to the opposite party or his attorney within the time required by the one hundred and ninety-fifth section of the Practice Act, or the right to move for a new trial is waived.

SAME—STATEMENT.—Where no notice of an intention to move for a new trial is given by the opposite party, or waived by him, the making and filing of a statement does not give the Court jurisdiction over the subject matter of a new trial, and an order granting a new trial will be reversed.

SAME—ORDER EXTENDING TIME.—An order made by the Court, after the time fixed by the one hundred and ninety-fifth section of the Practice Act for filing a statement on motion for a new trial has expired, extending the time to file a statement, is void. The Court made the following order the day after the rendition of judgment: "It is ordered that all proceedings under the judgment recovered by plaintiff against defendants be and they are hereby stayed and superseded until the 5th day of May next, in order that counsel may present and prepare his statement on motion for new trial." *Held*, that this order did not extend the statutory time within which to file a statement. A notice of motion for a new trial should be in writing.

APPEAL from the District Court, Eleventh Judicial District, Placer County.

The plaintiff recovered judgment in the District Court, and

the Judge made an order granting a new trial, from which order plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Tuttle & Fellows*, for Appellant.

*Jo Hamilton*, for Respondents.

By the Court, SAWYER, J.

This is an appeal from an order granting a new trial. The verdict was returned and judgment thereon entered on the 21st of April, 1862. On the next day, April 22d, an order was entered in the minutes of the Court in these words :

" Now come the defendants herein, by Hamilton & Williams, their attorneys, in open Court, and give notice of a motion for a new trial upon statement to be hereinafter filed, and on motion of counsel aforesaid it is ordered that all proceedings under the judgment recovered by plaintiff against defendants be and they are hereby stayed and superseded until the 5th day of May next, in order that counsel may present and prepare his statement on motion for new trial."

On the 4th day of May, defendant's counsel asked the Court for three days further time to prepare and file their statement, and it was " ordered that said motion be and the same is hereby granted ; and that defendants' attorneys be and they are hereby allowed three days from the date hereof in which to file said statement."

The appellant assigns as error the granting of a new trial, on the grounds, among others, that a new trial was waived, because :

Firstly—No notice of a motion for new trial was given to appellants.

Secondly—No statement was filed within the time required by law.

Section one hundred and ninety-five of the Practice Act expressly provides that " the party intending to move for a

new trial shall give notice of the same as follows : When the action has been tried with a jury, within five days after the rendition of the verdict." It then provides for filing affidavits or statement within five days after giving such notice, etc., and " if no affidavit or statement be filed within five days after notice, or within such further time as the parties may agree upon, or the Court or Judge thereof may by order grant, the right to move for a new trial shall de deemed waived."

The only notice of the motion for a new trial given, is that which appears in the minutes of the Court, just quoted. We do not think this sufficient. The entry was made on the next day after the verdict was rendered and judgment thereon entered. It does not appear that the party to be affected by it, or his attorney, was in Court, or had any knowledge of this proceeding. The case had been disposed of and judgment entered in plaintiff's favor on the preceding day, and that was the end of the matter as to him till some other proceedings should be taken of which he was entitled to notice. After the entry of his judgment, the plaintiff was not bound to watch the Court to see whether or not any other proceedings would be taken. The law provides that notice of a motion for a new trial shall be given, and the notice intended is a written notice. Perhaps a notice given him in open Court, and entered in the minutes, in his presence, would be sufficient ; but, in such case, the record should at least affirmatively show, with reasonable certainty, that the party was present, and actually had notice. As the record notice in this case is fatally defective in this particular, it is unnecessary to determine the question whether any notice thus given would be sufficient. At best it is a doubtful question. The only safe mode to pursue, especially since the amendment to section one hundred and ninety-five, in 1863, requiring the grounds of the motion to be stated in the notice, is to give a formal notice in writing. A written notice, even where another form is admissible, is less liable to lead to mistakes, and is always preferable.

If the notice in the minutes of the Court was sufficient, the statement should have been filed on or before the 27th, unless

the time had been extended by the Court or agreement of the parties. The order of the 22d of April does not, in terms, purport to extend the time to prepare and file a statement. It merely stays proceedings on the part of the plaintiff to enforce the judgment till the 5th of May, "in order that the counsel may present and prepare his statement on motion for new trial." This language does not necessarily import that he shall have an extension of the time allowed by the statute to prepare and file his statement. The other party might not agree to the statement when filed; and, in that event, it would be necessary to have it settled before the Judge, upon notice—all of which would require time; and it may reasonably be supposed that the stay was designed to cover this period of time, as well as the time occupied by the moving party in preparing his statement. The object was to prevent the execution of the judgment, not only till a statement should be filed, but till settled, and the question of a new trial should be in a condition to be determined by the Court. If it was intended, in this instance, to procure an extension of the statutory time for preparing and filing a statement, that intention should have been expressed in apt words, and not left to be implied from ambiguous terms. We have already been compelled to waste much time in the investigation and determination of similar questions, not affecting the merits of cases, growing out of the loose manner in which proceedings have been conducted and records made up. We are anxious to decide all cases brought before us upon their merits rather than upon mere technical grounds. Often less time would be required to dispose of the case upon the real questions at issue than upon such preliminary objections as are presented in this case; and such a disposition would certainly be more satisfactory to the Court as well as the appellant.

While we are willing to construe pleadings and proceedings liberally for the purposes of advancing the ends of justice, we are not disposed, by indulging in latitudinarian presumptions and implications in the construction of proceedings, to encour-

age a loose practice, and thereby unnecessarily increase the labors of this Court and the burdens of litigation.

There is no difficulty in understanding the requirements of the section of the statute under consideration. Its language is precise and unmistakeable, and the appellants seem to understand what was necessary, as the order of May 4th is clear enough, for it " allowed three days from date in which to file said statement." There is no misunderstanding this language. But it was too late, unless the order of April 22d also extended the time. Without such extension the right to a new trial had already been waived, and the Court had no power to revive it. But whatever intention may be extorted, by implication or otherwise, from the language of the order of April 22d, and without deciding that point, we are satisfied that no such notice of a motion for a new trial as is contemplated by the statute appears. We have carefully examined the record to see if any act of the appellant is disclosed from which we can infer that notice has been waived, or, perhaps, more properly speaking, from which it can be inferred that the appellant, in fact, had notice, but we find nothing to justify such an inference. It is not shown that he appeared in the case at the hearing of the motion for a new trial, or, indeed, that any hearing was had. We have commented at some length upon the points of practice presented by this case, for the purpose of calling attention to the subject, in hopes that attorneys will be more careful to studiously follow the provisions of the Practice Act, and that, in procuring orders from the Court, they will see that the order entered expresses, in apt language, the object intended.

From the views expressed, it follows that the appellants failed to take the proper steps to entitle them to a new trial.

The order granting a new trial is reversed.