# S. ELLSASSAR *v.* ALEXANDER HUNTER AND A. J. LOWRY.

NOTICE OF MOTION FOR NEW TRIAL.—If the notice of motion for a new trial is not served and filed within five days after the rendition of the verdict, where the case is tried by a jury, the right to move for a new trial is waived ; and although a statement may be afterwards made, filed, and settled, and the motion for new trial passed on by the Court below, yet the Supreme Court will, if the objection be taken, strike the statement from the transcript.

DECREE DISCHARGING AN INSOLVENT DEBTOR FROM HIS DEBTS.—A decree discharging an insolvent debtor from his debts will not afford him any protection, in bar of an action brought against him for debts contracted prior to such decree, if it is made to appear that he has concealed any part of his property, or given a false schedule, or committed any fraud in procuring such discharge.

FRAUD IN PROCURING A DISCHARGE IN INSOLVENCY.—If a judgment is obtained against one who afterwards procures a discharge from his debts as an insolvent debtor, and after this discharge an execution is issued on the judgment, and the Sheriff, by virtue of the same, makes a levy on personal property in the hands of a third person, as the property of the defendant in the execution, and this third person sues the Sheriff to recover damages, it is error in the Court to refuse to allow the Sheriff to show in his defense that the property really belonged to the insolvent, who had placed the same in the plaintiff's hands to defraud his creditors, pending the proceedings in insolvency.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

This action was commenced September 1st, 1863. The complaint averred the wrongful taking, on the 22d day of August, 1863. The joint answer of defendants avers that the execution by virtue of which they levied on the goods was issued out of the District Court of the Eleventh Judicial District, El Dorado County, on a judgment rendered on the 13th day of February, 1862.

The separate answer of defendant Hunter avers that on the 24th day of December, 1862, Newbauer filed his petition in insolvency in the County Court of El Dorado County, and on the first day of August, 1863, executed an assignment of his property to the defendant, and on the same day was discharged by a decree of the County Court from all his debts and liabilities.

The other facts are stated in the opinion of the Court.

*George E. Williams,* for Appellants.

The two first offers set forth fraud—the third sets forth agency. The principal objection made by plaintiff to the introduction of this testimony was on the ground that it would again litigate the matter which had been tried and determined in the case of *Newbauer* v. *His Creditors.* It is admitted that the issues of fraud set forth by the answers in this cause are the same as those contained in the opposition made by Moses O'Connor in the County Court. The District Court decided that the judgment of the County Court in *Newbauer* v. *His Creditors* was *res adjudicata* of the question of fraud. This subject of *res adjudicata* was thoroughly discussed by this Court in the case of *Gray* v. *Dougherty*, and I deem it entirely unnecessary to do more than make a brief argument on that point.

The judgment of a Court, in order to be binding upon parties to a subsequent action, must be shown to have been rendered in an action between the same parties, or their privies in estate or blood; and that the judgment, if it had been different, would have been binding upon the party in whose favor it is offered in evidence. For instance, that if the judgment of the County Court had been against Newbauer upon the question of fraud, that then, in an action brought by the creditors against Ellsassar for the property, they could have used the judgment of the County Court as conclusive evidence upon that question. That Ellsassar, without being a party to the action in the County Court, without any opportunity of appearing upon the trial and cross-examining the witnesses, has, nevertheless, to be bound by the judgment. The injustice involved in such a construction of the doctrine of *res adjudicata*, proves it not to be sound law.

*George G. Blanchard,* for Respondent.

The Court did not err in rejecting the evidence sought to be introduced by the defendants.

It is admitted that the matters sought to be proved are the

same as were adjudicated and set up in the proceedings in insolvency in the County Court.

The right of Hunter to hold the property, assumed in his supplemental answer, has no more force than in the original. He claims to hold it by virtue of the assignment for the benefit of the creditors, and sets up the same transactions of fraud passed upon in the insolvency case. The same objection arises here that arose in the first instance.

Before the defendants can justify the holding, it is necessary for them to establish the allegations of fraud averred in the answers. Defendants claim no title in themselves; and it is admitted that the allegations are the same as adjudicated in the County Court.

What did the trial of those issues determine? and what was the legal effect of the verdict? (Wood's Digest, p. 499, Secs. 20–24.

It determined that Newbauer was not guilty of the fraudulent transactions averred in the answer. Its effect was to secure to him a discharge from all his debts and liabilities. Under the pleadings in this cause, a determination of the questions of fraud raised fixes the ownership of the property in dispute, so far as Newbauer is concerned, and that the charges of fraud are ill founded determines Newbauer not to be the owner of the property. Under the nature of the action no other result or conclusion could follow.

The trial of title to this property, then, once having been had by the privies of defendants, (for O'Conner and the creditors of Newbauer are the privies of defendants,) they are estopped from asserting title in him in this action, unless acquired subsequent to the trial in the County Court, which they do not pretend.

In *Doty* v. *Brown*, 4 Coms. 71, the Court held: That where A. took from B. a bill of sale of certain personal property, and C., a constable, afterwards levied upon it by attachment in favor of B.'s creditors; and subsequently A. converted it to his own use, for which C. sued him, and recovered judgment in Justice's Court, on the ground that the bill of sale was fraud-

ulent and void as to creditors : *It was held*, that the judgment was conclusive upon the *question of fraud* in an action of replevin afterwards brought by A. against C. in the Supreme Court. Also, in *St. John* v. *St. John's Church*, 15 Barb. 346, C. sued A. and recovered for a trespass ; A. claimed that the trespass was committed under the direction of B., and sued him for indemnity : *It was held*, that the judgment in the suit of *C.* v. *A.* was conclusive upon the question of trespass, the parties not being the same in the two suits ; for one of the cases was *Baird* v. *St. John*, and the other was *St. John* v. *St. John's Church.*

By the Court, CURREY, J.

This action was brought to recover damages for the alleged wrongful taking of the goods and chattels of the plaintiff by the defendants and converting the same to their own use.

In answer to the complaint the defendants say, at the time of the commission of the wrongs and injuries complained of, the defendant Hunter was Sheriff, and the defendant Lowry was Deputy Sheriff of El Dorado County, and that by virtue of a writ of execution issued upon a judgment obtained by M. O'Connor against D. Newbauer for a large sum of money specified, they levied upon and siezed the property described in the complaint as the property of said Newbauer, and they aver that the same was his property and liable to be seized for his debts. The answer also charges that while Newbauer was indebted to O'Connor, he made pretended sales and transfers of his personal property to the plaintiff, for which no consideration was paid, and that such pretended sales were made to hinder, delay and defraud O'Connor in the collection of the debt due him, of which intent the plaintiff had knowledge ; that the property so transferred by Newbauer to plaintiff was sold by the latter, and with the proceeds thereof and other funds of Newbauer, other goods and chattels were purchased by the plaintiff in his own name, but in fact for Newbauer, and that they claimed and pretended that the property

thus acquired belonged to plaintiff for the purpose of hindering, delaying and defrauding Newbauer's creditors in the collection of their debts.   Other transactions of like character are set forth in the answer implicating Newbauer and the plaintiff, and other persons co-operating with them in a conspiracy to defraud Newbauer's creditors by other pretended sales and transfers of the goods and chattels of Newbauer, and by procuring the institution of actions for ficticious debts against him and the seizure and sale of his property on judgments suffered in such actions.

The defendant Hunter also, by a separate answer, alleged that Newbauer applied to the County Court of El Dorado County to be discharged as an insolvent from his debts, and that he, as the Sheriff, was appointed his assignee in insolvency, and that such proceedings were had in the insolvency case that Newbauer was discharged from his debts ; and he then charges that Newbauer was, at the time of his discharge, the owner of the property on account of which this action was brought, and omitted to surrender the same to him as such assignee ; but that afterward the same property came to his possession under the execution issued on the judgment in the case of O'Connor against Newbauer, and having thus obtained the possession he claimed to hold the property by virtue of the assignment, in trust for the creditors of Newbauer.

The issue joined between the parties was tried before the Court and a jury, and a verdict was rendered for the plaintiff, on which judgment was entered.   On motion of the defendants the Court " ordered that all proceedings be stayed for twenty days, with leave to defendants to file papers herein." Twenty days afterward the defendants filed and gave to the plaintiff's attorneys notice of a motion for a new trial.   Sometime subsequently the Court passed upon the motion, denying the application for a new trial.   From this order and from the judgment the defendants have appealed.

The counsel for the respondent makes an objection that the notice of motion for a new trial was not filed and served until twenty days after the verdict and judgment were rendered,

and therefore the right to move for a new trial was waived. This objection is well taken, which carries with it the statement prepared and filed as on motion for a new trial. (Prac. Act, Sec. 195; *Flatau* v. *Lubeck*, 24 Cal. 364; *Bear River and Auburn Water and Mining Company* v. *Boles*, 24 Cal. 354.)

This statement being rejected, the case stands to be decided on the judgment, and the matters properly of record. By a bill of exceptions taken at the trial and signed by the Judge, it appears that the defendants, who are now the appellants, offered to prove that Newbauer was in the months of September, October, and November, 1861, the owner and in the possession of a large amount of goods, wares and merchandise— and in the last named month transferred the same in trust for himself to the plaintiff; that the plaintiff sold the same goods and used the proceeds thereof in purchasing the goods in controversy for Newbauer. Also, the defendants offered to prove that in the same month of November Newbauer was the owner of a large amount of goods, wares and merchandise, which he transferred to one Glanber without consideration, with the understanding that Glanber should transfer the same to the plaintiffs; that Glanber afterward transferred said goods to plaintiff, who sold the same and applied the proceeds in the purchase of the goods in controversy. And, further, the defendants offered to prove that the money used in the purchase of the goods in controversy belonged to Newbauer, and that such money had come into plaintiff's possession from sales made by him of the property of Newbauer, for whom he acted therein.

The plaintiff objected to the evidence offered to prove these facts, on the grounds :

First—That it was irrelevant and immaterial.

Second—That it was incompetent.

Third—That it was an offer to again litigate the matter shown to have been tried and determined in the case of *Newbauer against His Creditors*—which determination or decree, it was alleged, the defendants could not attack collaterally.

The Court sustained the objection and the defendants duly. excepted, and this ruling of the Court is assigned as erroneous.

The several matters sought to be proved by the defendants were set forth in the answers and were relevant and competent evidence, unless barred by the decree discharging Newbauer as an insolvent debtor. And the only question to be decided is as to the effect of this decree as pleaded.

The rights and immunities to which an insolvent debtor is entitled under a decree discharging him from the payment of his debts, depend for their foundation upon the provisions of the statute entitled " an Act for the relief of insolvent debtors and protection of creditors," (Laws, 1852, p. 69), and the effect of the decree in such case is subject to the qualification comprehended in the thirty-second section of that Act, which reads as follows : " Whenever any insolvent debtor has had the benefit of this Act, if thereafter, at any time, it is made to appear that he has concealed any part of his property or estate, or given a false schedule, or committed any fraud under the provisions of this Act, it is hereby declared that he has forfeited all benefit and advantage which he would otherwise have had by virtue of this Act, and he cannot avail himself of any of its provisions in bar to any claim that may be instituted against him."

The transactions of which the defendants proposed to prove that Newbauer had been guilty, with the co-operation of the plaintiff and others, for the purpose of defrauding his creditors, were of a grossly base and fraudulent character, and if true as charged, in any essential particular, should forever bar him of all benefit and advantage which, by an honest surrender of his property, he would have been entitled to by virtue of the Act for the relief of insolvent debtors. This Act was not designed alone for the relief of insolvent debtors, but it was also intended, as its title suggests, for the protection of creditors, and this protection the section of the Act quoted conserves to the creditors notwithstanding the alleged insolvent debtor may have obtained a decree discharging him from the payment of his debts.

The judgment is reversed and a new trial ordered.

Mr. Chief Justice SANDERSON, being disqualified, did not participate in the decision of this case.