[No. 3,144.]

## ROBERT S. THOMPSON *v.* MICHAEL LYNCH, Administrator of the Estate of Charles Brown, HENRY McDONALD, JEREMIAH KEEF, JOHN MARTIN, FRANK M. PIXLEY, HIRAM PEARSON, and HIRAM C. WHEELER.

Arrangement of Transcript.—The proceedings at the trial should be chronologically arranged in the transcript on appeal.

New Trial—Waiver.—A failure to file a statement, on motion for a new trial, within the time fixed by stipulation, is a waiver of the right to make the motion. The right to give notice of intention is lost when the right to move for a new trial is lost, and the right cannot be restored by an order of the Court.

Appealable Order.—The findings and conclusions of law do not constitute an order which is the subject of an appeal.

New Trial—Order not Appealable.—An order striking a notice of motion for new trial from the files ceases to be the subject of review after sixty days, and a party cannot move to vacate it and then appeal from the order denying his motion.

Motion.—A motion to amend the decree and findings of the Court is not proper practice.

Appeal from the District Court of the Fourth Judicial District, City and County of San Francisco.

*E. A. Lawrence,* for Appellants.

*Elisha Cook,* for Respondent.

By the Court, Wallace, C. J.:

The transcript of the record filed does not comply with the requirements of the sixth rule of practice of this Court. The proceedings are not chronologically arranged. The record is made up, in the main, of motions and counter motions, motions to vacate, orders already entered upon motion, and notice, etc.; and these are thrown into the transcript in a confused mass, and without the slightest attention to their respective dates. Reasonable attention

upon the part of counsel, in the first instance, to perspicuity of arrangement of the record would greatly lessen the subsequent labors, both of themselves and of the Court.

1. The action having been tried before the Court without a jury, judgment was rendered in favor of the plaintiff on the 18th day of April, 1867. On the twenty-third day of the same month the defendant gave notice of his intention to move for a new trial, and at the same time obtained from the plaintiff a stipulation allowing thirty days from that day in which to file a statement in support of the motion. No statement was filed within the stipulated thirty days, nor was any further extension obtained or sought by defendant. The result was that the right of the defendant to move for a new trial was at that point definitively waived. But on the 25th of September, 1869—more than one year afterwards—another notice of intention to move for a new trial was served and filed by the defendant; and on the thirtieth day of the same month the Court, by ex parte order, allowed the defendant twenty days from that date in which to file a statement in support of the motion—which statement was subsequently, on the nineteenth day of October, and within the time limited in the order, actually filed. But the second notice of intention, and the order of the Court extending the time to file the statement, and the subsequent filing thereof by the defendant, were alike nugatory. The right to give a notice of intention was lost when the right to move for a new trial was lost, and the order of the Court could not restore it.

2. The motion to amend the decree and findings was not proper practice, and was correctly denied.

3. The appeal is taken in part from "the order filed September 15th, 1869." We have searched through the record in vain to find such an order. There is none, unless the appellant meant the findings and conclusions of law, which seem to bear date of that day. These, however, do

not constitute an order which is the subject of an appeal; and if we are to consider the appeal in that respect, as one taken from the final judgment, then there is no error appearing thereon.

4. The Court, on the 6th of November, 1869, on motion of plaintiff, struck from its files the second notice of intention to move for a new trial, given by the defendant. If it was the purpose of the defendant to review this order, he should have appealed therefrom within sixty days from the entry of the order. Instead of doing so, however, he, on the 26th of March, 1870, moved the Court to set aside the order striking his second notice from the files; and an order being entered denying this motion, he brings an appeal from this last order. Such practice is not permissible. When an order of this character is entered in a cause, and is permitted to remain for sixty days without appeal taken, it ceases to be the subject of review, and a party cannot be permitted to move to vacate it, and then appeal from the order denying his motion. If such practice were countenanced, a resort to motions upon one side to vacate, and upon the other to restore the first order, could be pursued *ad infinitum*, and no lapse of time, however great, would operate to bar an appeal brought to test the correctness of the order as originally entered.

Judgment and orders affirmed.

Mr. Justice CROCKETT did not participate in this decision.