[No. 8,966. Department One.—March 19, 1885.]

## HANNAH COONEY, Aᴘᴘᴇʟʟᴀɴᴛ, v. THOMAS FURLONG ᴇᴛ ᴀʟ., Rᴇsᴘᴏɴᴅᴇɴᴛs.

Nᴇᴡ Tʀɪᴀʟ—Oʀᴅᴇʀ Gʀᴀɴᴛɪɴɢ—Rᴇᴠɪᴇᴡ ᴏꜰ.— Unless an order granting a new trial has been made upon some legal proposition, which may be considered in itself, a stronger showing is required to justify the Supreme Court in interfering with it than with an order refusing a new trial.

Iᴅ.—Nᴏᴛɪᴄᴇ ᴏꜰ Mᴏᴛɪᴏɴ—Aᴍᴇɴᴅᴍᴇɴᴛ ᴏꜰ—Wᴀɪᴠᴇʀ—Jᴜʀɪsᴅɪᴄᴛɪᴏɴ.—Where a notice of motion for a new trial designates that the motion will be made for all the causes specified in section 657 of the Code of Civil Procedure, upon a statement of the case, the moving party is bound to prepare and serve his proposed statement within the time allowed by law for that purpose. A failure so to do is a waiver of the right to move for a new trial, and after the statutory time for giving the notice has passed, the trial court has no jurisdiction to allow the original notice to be amended, so as to designate that the motion would be made for the same causes upon the minutes of the court.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

Action to recover damages for malicious prosecution. The case was tried before a jury, and a verdict was rendered in favor of the plaintiff. The defendants were subsequently granted a new trial. The further facts are sufficiently stated in the opinion of the court.

*M. Cooney*, for Appellant.

*Eugene N. Deuprey*, for Respondents.

McKEE, J.—This is an appeal from an order granting a new trial. Unless such an order has been made upon some legal proposition, which may be considered in itself, a stronger showing is required to justify this court in interfering with it than with an order refusing a new trial. (*Mehan* v. *The C., R. I. & P. R. Co.*, 55 Iowa, 308.

In the order appealed from no reasons are stated why, or upon what proceeding, a new trial was granted. The record, however, shows that " the motion was heard and submitted by the defendant upon the minutes of the court only, no statement, bill of exceptions or affidavits being by him filed or proposed." But the notice of the motion, which was filed within statutory time after the verdict of the jury, designated that the motion would be made for all the causes specified in section 657 C. C. P., upon a statement of the case. This notice was filed and served on the 17th of March, 1882; and, having given it, the moving party was bound to prepare and serve his proposed statement within the time allowed by law for that purpose. Subdivision 3 of section 659 declares : " If the motion is to be made upon a statement of the case, the moving party *must*, within ten days after service of the notice, or such further time as the court in which the action is pending, or the judge thereof, may allow, prepare a draft of the statement, and serve the same or a copy thereof upon the adverse party." This the moving party did not do ; he took no steps for enlarging the time for filing such a statement, and he suffered the statutory time to elapse without filing it: as, therefore, there was no application for an extension of time to file a statement, and *no statement was*, in

fact, ever filed, the right to move for a new trial was waived and became lost. (*Campbell* v. *Jones,* 41 Cal. 515; *Thompson* v. *Lynch,* 43 Cal. 482; *Stoyell* v. *Cole,* 19 Cal. 602.)

But it is claimed that the right was not lost, because the original notice of motion was amended so as to designate that the motion would be made for the same causes, upon the minutes of the court. There is an amended notice, indorsed, filed and served on the 24th of May, 1882—more than sixty days after the filing and service of the original notice, and more than seventy days after the verdict of the jury. Filed under those circumstances, the amended notice was nugatory. The defendants could not abandon their first notice and file a second notice after the statutory time for giving the notice for motion had passed. (*Le Roy* v. *Rassette,* 32 Cal. 171.) The amended notice was therefore ineffectual to put in motion the jurisdiction of the court to grant a new trial. (*B. R. & A. Co.* v. *Boles,* 24 Cal. 354; *Ellsasser* v. *Hunter,* 26 Cal. 279; *Allen* v. *Hill,* 16 Cal. 113.) And as the right to move for a new trial upon the original notice had been waived by the defendants and was lost, the right could not afterwards be restored, even by an order of the court permitting an amendment of the original notice out of season. (*Thompson* v. *Lynch, supra; B. R. & A. Co.* v. *Boles,* 24 Cal. 354.) The order was of no force or validity, and the court should have dismissed or denied the motion for new trial for want of jurisdiction. (*Clark* v. *Crane,* 52 Cal. 630.)

Order reversed, and cause remanded for further proceedings.

Ross, J., and McKinstry, J., concurred.