# SULLIVAN, RESPONDENT, *v.* CITY OF HELENA, APPELLANT.

PRACTICE—*New trial—Notice of motion.*—Where a party intending to move for a new trial has, within the ten days allowed by section 298 of the Code of Civil Procedure, filed a notice thereof, specifying the grounds upon which the motion would be made, he cannot, after the expiration of such time, file another notice specifying the additional ground of newly discovered evidence; and such notice, with the accompanying affidavits, will be stricken from the statement upon motion.

MUNICIPAL CORPORATIONS—*Damages.*—In the case at bar the plaintiff sustained injury from an excavation in the street of a city, incorporated by the legislature of the Territory of Montana, and which had passed an ordinance assuming for itself the care and responsibility of streets. The injury was sustained while

Montana was a Territory. *Held,* that as the Supreme Court of the United States had, before the passage of such ordinance, established the principle of municipal liability in decisions in similar cases arising in Territories, that these decisions were controlling upon the courts of the Territory at the time of the injury complained of, and the city was liable in damages.

*Appeal from First Judicial District, Lewis and Clarke County.*

Defendant's motion for a new trial was overruled by HUNT, J.

*Robt. B. Smith,* for Appellant.

There is no provision of the statute for giving or serving a notice of motion for a new trial after the expiration of ten days from the rendition of the verdict in a civil action, and it is incumbent, when the notice of motion for a new trial is prepared, that it shall designate generally the grounds upon which the motion will be made. The provisions of the statutes of the several States, and especially of Montana, prescribing that a notice of motion for a new trial shall be served within ten days, are directory, and where, within the time for preparing and serving the statement, knowledge of evidence of such character as would show the judgment and verdict rendered in the cause to be improper, comes to the attention of the moving party, the court ought to allow the motion for a new trial to be made. We are unable to cite authority for the amendment of a notice of motion for a new trial after the ten days limited by statute, and before the expiration of the time for the service of the statement, and have brought the question to this court for settlement in the absence of a statute.

It has always been the duty of counties, townships, parishes, and cities and towns to maintain and keep in repair bridges and public highways within their respective limits, but this duty is a duty which they owe to the public, and for the neglect of such duties there is no action provided for injuries sustained; but the proper proceeding is by indictment in the name of the commonwealth. This has long been maintained as the common law of England upon the duties and liabilities of counties, townships, cities, and towns. (See *Russell* v. *Men of Devon,* 2 Term Rep. 667, 673; *McKinnon* v. *Penson,* 8 Ex. 319, 321; *Bartlett* v. *Crozier,* 17 Johns. 439, 454; *Weet* v. *Brockport,* 16 N. Y. 161; *Freeholders of Sussex* v. *Strader,* 18 N. J. L. 108; 35

Am. Dec. 530.)    Unless there is a statute fixing upon cities and towns a liability for injury sustained through a neglect to perform a duty which they owe the public, we contend that no such liability exists against the corporation.    The duty imposed upon the city, or upon the city council, to keep in repair the streets and highways is no greater or more binding than the obligations imposed upon the county commissioners.    Some courts in the Union have made a distinction between *quasi*-corporations, such as counties and townships, and municipal corporations, such as cities and towns, but the distinction that refers to keeping in repair the public highways and other public duties imposed upon them, seems to be a distinction without a difference.

The authorities holding that there is a distinction between the liability of a city and the liability of a county, are cases from the States of New York, Illinois, Alabama, North Carolina, Connecticut, and the Supreme Court of the United States. Most of the cases wherein the Supreme Court of the United States has held that the cities and corporations are liable for personal injuries occasioned by the negligence of the corporate authorities, are those cases which have been carried to the Supreme Court from the States just mentioned; on the other hand, a great majority of our courts of last resort and those courts of highest rank and standing in the Union, hold the contrary views, claiming, and justly so it seems to us, that, unless a liability is fixed by statute, municipal corporations are the agencies of the State in keeping in repair the streets and highways and other public duties imposed upon it by a statute, and that it makes no difference if the statute directly imposes upon it the duty to keep in repair its streets and public highways.    (*Hill* v. *Boston,* 122 Mass. 344; 23 Am. Rep. 332; *French* v. *Boston,* 129 Mass. 592; 37 Am. Rep. 393; *Detroit* v. *Blackeby,* 21 Mich. 84; 4 Am. Rep. 450; *McCutcheon* v. *Homer,* 43 Mich. 483; 38 Am. Rep. 212; *Freeholders of Sussex* v. *Strader,* 18 N. J. L. 108; 35 Am. Dec. 530; *Pray* v. *Mayor of Jersey City,* 32 N. J. L. 394; *Town of Union* v. *Durkes,* 38 N. J. L. 21; *Arkadelphia* v. *Windham,* 49 Ark. 139; 4 Am. St. Rep. 32; *Winbigler* v. *City of Los Angeles,* 45 Cal. 36; *Tranter* v. *City of Sacramento,* 61 Cal. 275; *Barnett* v. *Contra Costa County,* 67 Cal. 78; *Chope* v. *Eureka,* 78 Cal. 588; 12

Am. St. Rep. 113; *Arnold* v. *City of San Jose,* 81 Cal. 618; *Young* v. *City Council of Charleston,* 20 S. C. 116; 47 Am. Rep. 827; Cooley on Torts, § 622, p. 626; 2 Thompson on Negligence, pp. 692, 734, and note.) The principal authority relied upon to establish the liability of a corporation is the case of *Barnes* v. *District of Columbia,* 91 U. S. 540. This opinion was rendered by a bare majority of the Supreme Court. The minority of opinion is based upon the ground that the District of Columbia was not liable for any injury sustained on account of negligence of the corporate authorities in keeping its public streets in repair. The case of the *Commissioners of Laramie County* v. *Commissioners of Albany County,* 92 U. S. is not in point.

The mere assumption of a corporate capacity for the convenient transaction of the business of the public by the citizens of the city, should not impose upon them any greater burdens than would be fixed by law if they had not voluntarily assumed the corporate capacity. The corporation is created and brought into being for the more convenient transaction and speedy performance of public duties, for the purpose of more fully complying with the law for the public benefit. To impose upon such a corporation burdens and liabilities which cannot be enforced against a county, is to discourage municipal corporations; whereas the policy of the law has been to encourage all such incorporations for the reason that the public duties enjoined upon them are more carefully and expeditiously performed in the corporate capacity than when left to the counties or townships.

The fact that the city council may have passed an ordinance assuming control of the streets cannot, and does not impose on the city any greater liability than is authorized by statute of the State.

*Kinsley & Knowles,* for Respondent.

The first point discussed in appellant's brief, to wit: The right to amend a notice of motion for a new trial, is so well settled as to need but little consideration, and we think the suggestion of the appellant, that he cannot find any authorities to sustain his position, is timely. Upon this point we refer to

the following cases: *Cooney* v. *Furlong,* 66 Cal. 520; *Lavalle* v. *Skelly,* 90 N. Y. 546.

The main proposition contended for by appellant in this case, upon which it relies, is a general question of liability of the city of Helena in an action for damages to one traveling upon public streets thereof, by being precipitated into an opening on the public sidewalk, left unguarded and unprotected. In considering the matter of liability of corporations, their grade, uses, and sources of power are to be considered. The authorities presented by appellant all refer to a class of corporations organized under general laws, with limited powers, and of a very different character from municipal corporations generally organized under special charter. For instance, the case of *Hill* v. *Boston,* 122 Mass. 344; 23 Am. Rep. 332, is a suit by the parents of a child for an imperfect school structure. In Massachusetts the schools are under a distinct and separate control from all other branches of municipal government; their affairs are managed by members elected directly from the people, in no way responsible to the city government, and having exclusive control of school property. These reasons apply equally well to the case of *French* v. *Boston,* 129 Mass. 592; 37 Am. Rep. 393. The opinion in the case of *Detroit* v. *Blackeby,* 21 Mich. 84; 4 Am. Rep. 450, was rendered by a divided court. Judge Cooley, one of the most celebrated writers on negligence and torts, writes an able and dissenting opinion, which, as he says, "is in line with the general current of authority in the United States." The California cases referred to, upon careful inspection, will be found subject to the same criticisms as the Massachusetts cases, their main point being that the cities and towns referred to are classified as "counties and New England towns," with only prescribed rights, and consequently, prescribed liability. Following these California cases through, it will be found that that court stands three to four in favor of reversing the decisions made by it.

It must be remembered that the city of Helena is the defendant in this action. It exists by a special charter, enacted for its sole benefit, that the same was submitted to the people, and by them accepted.

The ordinances in question were passed and are in force as their interpretation of their rights, duties, and responsibilities. The care and responsibility of the sidewalk where this accident occurred was assumed by the city of Helena, for the purpose of this hearing. It is presumed that the abutter complied with the ordinance of the city, and had a permit; that the city has his bond or agreement to save it harmless from all costs and damages. By ordinance 46 the city assumed to and did authorize the excavation, and designated what safeguards were required with "due regard to the public safety." Having done this, and secured the agreement or bond to save the city harmless, it assumed the responsibility, so far as this plaintiff was concerned, of maintaining the sidewalk in a safe condition. It is now estopped from denying either its authority to so act, or its liability for damages occurring by reason of the accident set out in the pleadings herein; either upon the ground of the abutter's liability or its own exemption.

The different classes of corporations referred to in the various decisions are very clearly set forth in 1 Dillon on Municipal Corporations, chapter 11, sections 10, 10 a. Generally, upon the question involved we submit the following authorities: 2 Dillon on Municipal Corporations, §§ 761, 762, 763, 778, 789, 790, 791; *Barnes* v. *District of Columbia*, 91 U. S. 540, and authorities therein quoted; *Hutson* v. *Mayor*, 9 N. Y. 163; 59 Am. Dec. 526.

Having assumed control and management of the street and sidewalk mentioned in this action, they are estopped from now denying their authority so to do. (*Daniels* v. *Tearney*, 102 U. S. 415; *Close* v. *Glenwood Cemetery*, 107 U. S. 466; *New York City* v. *Sheffield*, 4 Wall. 189; *Randolph Co.* v. *Post*, 93 U. S. 502.)

BLAKE, C. J.—The respondent recovered a judgment for damages for personal injuries which he sustained by reason of an excavation in a street within the city of Helena. The motion of the appellant for a new trial was overruled, and this action of the court below must be examined.

A question of practice will be considered before we inquire into the merits of the case. The appellant filed May 21, 1890,

a notice of its intention to move for a new trial, and the motion and statement therefor were filed June 30, 1890. Another notice was served June 25, 1890, upon the respondent, stating "that in addition to the causes specified in the notice of motion for a new trial heretofore given in this cause, said motion will also be based upon the affidavit of newly discovered evidence in said cause, and which was and is material to the issue in said cause. . . . ." Afterwards the court granted the motion of the respondent to strike from the statement the last notice and accompanying affidavits, and refused to consider them. It is shown by the record that the matter constituting this new ground was not known to the appellant at the time when the original motion was prepared. There is a radical difference between the provisions of the Criminal Practice Act and the Code of Civil Procedure, which govern the subject. The application for a new trial in criminal causes, upon the ground of newly discovered evidence, shall be made upon motion, and written notice thereof "must be filed within thirty days after the discovery of the facts upon which the party relies." (Comp. Stats. third div. § 355.) The Code of Civil Procedure provides that "the party intending to move for a new trial must, within ten days after the verdict of the jury, . . . . file with the clerk and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made. . . . ." (Code Civ. Proc. § 298.) The application for a new trial in civil cases for the cause of newly discovered evidence must be made upon affidavits, but there is no provision for the filing of the notice thereof after the discovery of the facts.

The statutes of the States of California and New York, which are similar to the Code of Civil Procedure of this State, *supra*, have been construed by their courts to prohibit the extension of this period of time, or the allowance of amendments to the motion or notice after its expiration. (*Bear River & A. W. & M. Co.* v. *Boles*, 24 Cal. 354; *Ellsassar* v. *Hunter*, 26 Cal. 279; *Cooney* v. *Furlong*, 66 Cal. 520; *Lavalle* v. *Skelly*, 90 N. Y. 546.) These authorities conform to the intention of the legislature, and require us to uphold the ruling of the court below in this respect.

The merits of the controversy depend upon one proposition.

It is conceded that the place where the respondent received his injuries was within the boundaries of the city of Helena, which has been legally incorporated under the statutes of the Territory of Montana. It is also admitted that there is no law which expressly makes municipal corporations of this character responsible in damages to persons who may be injured by defects in their streets. The legislative assembly has conferred upon the city council of Helena the authority "to make all ordinances which shall be necessary and proper for carrying into execution powers specified" in the charter, section 33. The city council is empowered by the legislature "to lay out, open, change, widen, or extend streets, lanes, alleys, sewers, parks, squares, or other public grounds, and to grade, pave, improve, repair, or discontinue the same, or any part thereof; to establish and open drains, canals, or sewers; or alter, widen, or straighten water courses; to make, alter, widen, or otherwise keep in repair, vacate, or discontinue sidewalks or crosswalks; to prevent the encumbering of streets, sidewalks, crosswalks, and alleys, with carriages, carts, wagons, sleighs, sleds, lumber, firewood, or other obstacles or materials; to prevent horse-racing, or immoderate riding or driving in the streets or public places of the city; to prevent the riding or driving of animals or the drawing of vehicles of any kind on the sidewalks, or the doing of any damage to such sidewalk; to require the owners or occupants of lots or buildings to remove snow, dirt, rubbish, or other obstruction or material from the sidewalks adjacent thereto, and in default thereof to authorize the removal thereof, at the expense of such owner or occupant." Amendment, approved March 12, 1885, section 9.

The following ordinances were in force at the times when the respondent received the injuries which are described in the pleadings: "Sec. 1. That said city of Helena hereby assumes for itself the care and responsibility of streets, avenues, and alleys only of that portion within the corporate limits which was originally entered by the probate judge of Lewis and Clarke County, Montana, as trustee for the occupants, as the Helena townsite, and exclusive of all portions thereof deeded by said probate judge in block to private claimants, and by them platted as additions to Helena." (Ordinance No. 21.) "Sec. 5. No

person or corporation shall dig or excavate within, through, or under any street, alley, gutter, curb, sidewalk, or public place in this city, for any purpose, without first obtaining a permit from the committee on building permits. The applicant for such permit shall state the exact location, dimensions, and purposes of such digging or excavation. The committee shall thereupon inspect the locality, and if they deem proper, issue a permit authorizing such digging or excavation to be done in such successive portions within such limits of time, and with such safeguards as they may designate, with a due regard to the public convenience, and the public safety." ( Ordinance No. 46.) The tenth and eleventh sections of said ordinance No. 46, are as follows: "Sec. 10. Permits provided for in this ordinance, shall only be issued upon the application of the owner or authorized agents of the owners of the property to be built upon or on account of which the digging or excavation is to be made. Every application shall contain an agreement to save the city harmless from all costs and damages which may accrue by reason of such use, occupation, digging, or excavation, as the case may be." "Sec. 11. No person shall, by his own hand, or by another under his direction, dig up, remove, or loosen, take, or carry away, any stone, plank, brick, lumber, block, earth, sand, gravel, or any other material composing any street, avenue, alley, sidewalk, crossing, or public ground, whether the same be free and loosened or not, without obtaining a permit from the committee on building permits."

It appears that the ordinances of the city of Helena have been complied with, and that the party who caused the excavation complained of to be made, obtained from the committee on building permits the authority to do the work.

It is contended on behalf of the appellant that there is no law which allows the respondent to maintain this action. The authorities relating to the matter are numerous and conflicting, and cannot be critically examined and compared in this opinion. This question has not been passed upon by the Supreme Court of the Territory or State, and we are called upon to lay down the rule which shall control similar controversies in the absence of legislative enactment. We will state in a general way the views of the courts in order that the points of difference may

be understood. In *Barnes* v. *District of Columbia*, 91 U. S. 540, Mr. Justice Hunt, for the court, refers to certain cases, which hold that a municipal corporation is not liable to an individual for an injury resulting from negligence in the construction of a work which it had authorized, and says: "The authorities establishing the contrary doctrine that a city is responsible for its mere negligence, are so numerous and so well considered, that the law must be deemed to be settled in accordance with them." This declaration is followed by a citation of the English and American cases, which includes the decisions of the highest courts of the States of Alabama, Connecticut, Illinois, Maryland, New York, North Carolina, Ohio, Pennsylvania, Virginia, and Wisconsin. Since the publication of the opinion in *Barnes* v. *District of Columbia, supra*, the appellate courts of other States have announced the same doctrine. There is, however, authority of eminent respectability in support of the opposite view. (*Hill* v. *Boston*, 122 Mass. 344; 23 Am. Rep. 332; *Detroit* v. *Blackeby*, 21 Mich. 84; 4 Am. Rep. 450; *Arkadelphia* v. *Windham*, 49 Ark. 139; 4 Am. St. Rep. 32; *Pray* v. *Mayor of Jersey City*, 32 N. J. L. 394; *Arnold* v. *San Jose*, 81 Cal. 618; *Young* v. *Charleston*, 20 S. C. 116; 47 Am. Rep. 827.) These cases contain reviews of great ability and research of authorities, and maintain that the appellant is not liable in the case at bar.

We have already intimated that we do not intend to enter upon the difficult task of pursuing an independent investigation and ascertaining the true principle of law, and determining the effect of statutes upon decisions. Our opinion is controlled by an important consideration of another nature. At the December term, 1862, and prior to the organization of the Territory of Montana, the Supreme Court of the United States in *Nebraska City* v. *Campbell*, 2 Black, 590, heard a case which arose in the Territory of Nebraska. Mr. Justice Nelson in the opinion said: "The law is well settled in respect to public municipal corporations, upon which the duty is imposed to construct and repair, or to keep in repair streets or bridges, and upon which is also conferred the means of accomplishing such duty, that they are liable for any special damage arising out of neglect in keeping the same in proper condition. The principle

was fully considered at the last term in the case of *Weightman* v. *Corporation of Washington*, 1 Black, 39, 51, 52, 53, where all the authorities will be found collected and examined." It is also stated in the opinion that "the suit was brought in the court below by Campbell against the city to recover damages for injuries received by reason of a defective bridge in one of the streets in the city." The case of *Nebraska City* v. *Campbell, supra,* was approved in *Barnes* v. *District of Columbia, supra,* at the October term, 1875. This was an action for damages to the person "in consequence of the defective condition of one of the streets of the city of Washington." In *District of Columbia* v. *Woodbury*, 136 U. S. 450, the plaintiff sustained personal injuries by falling into a hole while he was passing on the sidewalk of a street in the city of Washington. In the opinion of the court, Mr. Justice Harlan says: "Without further discussion, we adjudge, upon the authority of *Barnes* v. *District of Columbia*, that the District is liable for such negligence upon the part of its officers as is charged in the plaintiff's declaration. That case was determined in 1875, and has never been questioned by any subsequent decision in this court. On the contrary, its authority was recognized in *Brown* v. *District of Columbia*, 127 U. S. 579, 586, and the principles announced in it were applied in *District of Columbia* v. *McElligott*, 117 U. S. 621. If the rule announced in the *Barnes Case* is not satisfactory to Congress, it can be abrogated by statute."

The city of Helena was incorporated by an act of the legislative assembly of the Territory of Montana, which was approved February 22, 1881. The respondent was injured August 29, 1888, and filed December 22, 1888, his complaint in this action. During these times, the decisions of *Nebraska City* v. *Campbell, supra,* and *Barnes* v. *District of Columbia, supra,* were binding upon the courts of the Territory. With full knowledge of the legal consequences of the proceedings, it was duly ordained that "said city of Helena hereby assumes for itself the care and responsibility of streets, avenues, and alleys." The liability, which had been accurately defined, has not been restricted by the legislative department, and we can presume that the rule stated by the Supreme Court of the United States was satisfac-

tory.   We think it is our duty under these conditions to adhere
to the doctrine which has been recognized upward of twenty-
five years within the confines of Montana, and seems to be
upheld by the weight of modern authority.   Judge Dillon in
the last edition of his valuable treatise on Municipal Corpora-
tions states these deductions:   "In reference to this subject, it
may be remarked that there is undoubtedly some difficulty in
defining the logical ground on which to base the doctrine of the
implied liability of municipal corporations proper for defective
streets, when such liability is denied as respects counties and
towns without special charters.   There is also some apparent,
if not real difficulty in holding that such a liability exists on the
part of municipal corporations in reference to streets, without
extending it to other duties which are everywhere conceded not
to give a private action for their neglect.   The courts which
hold the doctrine in question also differ as to the reasons on
which it rests.   Notwithstanding this, it will be found, we
think, upon a careful examination of the cases referred to in
the preceding section, *that they do establish the rule therein laid
down as respects municipal corporations proper*, and that Mr.
Justice Hunt is quite right in saying that, whatever may be
the true reason for the rule 'the law in this country must be
deemed to be settled in accordance with them.'   It will also be ·
found, we are quite sure, that the doctrine of such a liability on ·
the part of municipal corporations, organized under special·
charters or under general incorporation acts, exists in the States·
very generally and is not confined to the States of New York·
and Illinois.   The doctrine works well and is just, since no·
stimulus to the performance of duty is more effectual than the
wholesome fear of the verdict of a jury for damages."   (Vol. 2
[4th ed.], § 1023.   See, also, Cooley on Torts, 625; Bishop's
Non-Cont. Law, §§ 750, 757; Shearman & Redfield on Negli-
gence [4th ed.], § 289.)

The judgment is affirmed with costs.

HARWOOD, J., and DE WITT, J., concur.