## PACKER et al. v. DORAY et al.

### No. 18,105; October 14, 1893.

34 Pac. 628.

**New Trial—Amendment of Notice.**—Code of Civil Procedure, section 659, subdivision 4, provides that where a motion for a new trial is made on the minutes of the court, and errors of law are relied on, the notice of motion must specify the errors relied on, and "if the notice do not contain the specifications . . . . the motion must be denied." Held, that where the notice does not contain the required specification, it is radically defective, and cannot be amended by adding new specifications after the time for filing it has expired, and if it is so amended, by leave of the trial court, after such time has expired, the specifications will not be considered on appeal.

**Quieting Title.**—**Where Defendant in an Action to Quiet Title Disclaims** as to part of the land, it is not error for the court to dismiss the action as to such part, instead of giving plaintiff judgment therefor, as such judgment would be merely formal, under Code of Civil Procedure, section 739, which provides that "if the defendant in such action disclaims in his answer any interest or estate in the property . . . . the plaintiff cannot recover costs."

APPEAL from Superior Court, Sierra County; John Caldwell, Judge.

Action by W. S. Packer and others against Phil Doray and others to quiet title. From a judgment in favor of defendants, and from an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

J. M. Walling, Tirey L. Ford and Goodwin & Goodwin for appellants; F. D. Soward and Frank R. Wehe for respondents.

PER CURIAM.—This is an action to quiet the plaintiffs' title to certain tailing mining claims, called the "Alturas Company's Mining Claims," situate in Slate creek, and partly in Sierra county and partly in Plumas county. The claims described extend up and down the creek about twenty-six thousand feet and contain an area of about one hundred and twelve acres. The defendants deny that the plaintiffs are, or

ever were, the owners or in possession of that portion of the claims described, commencing at the upper end thereof, and extending down the creek about ten thousand feet; and they allege that as to such portion of the claims they are, and were at the time of the commencement of the action, and long prior thereto, the owners, and in possession thereof; and, as to the balance of the claims described in the complaint, they disclaim having or claiming any estate or interest in or to the same. The case was tried by the court and the findings were that neither the plaintiffs, nor either of them, nor their grantors or predecessors, ever owned or possessed, or were entitled to the possession of, the mining ground described in the answers of defendants, and that at the time of the commencement of the action the defendants were the owners of, and in the actual possession of, all the mining ground described in their answers, and claimed by them. Judgment was accordingly entered that the plaintiffs take nothing, that their action be dismissed, and that defendants recover their costs. From this judgment and an order denying their motion for a new trial the plaintiffs appeal.

1. The principal contention of appellants is that the findings were not justified by the evidence, and hence that the judgment should be reversed and the cause remanded for a new trial. The evidence brought up in the transcript is evidently stated as briefly as possible, and still it covers about one hundred printed pages. It relates to sundry attempted locations; to the customs of miners; to work done on different portions of the ground, commencing as early as 1855; and to numerous transfers of interest claimed to have been acquired under such locations. To state the facts in detail would require much space, and subserve no useful purpose. In our opinion, it is enough to say that, while there was some conflict, there was evidence clearly tending to justify and support the findings, and hence that the judgment cannot be reversed on this ground.

2. It is urged that numerous errors of law were committed by the court during the progress of the trial which call for a reversal of the judgment. The notice of intention to move for a new trial stated that it would be made upon the minutes of the court, and it was so made. The notice specified the particulars in which the evidence was alleged to be insufficient

to justify the verdict, but contained no specifications of errors of law. Subsequently, and after the time for giving the notice had elapsed, the plaintiffs, by leave of the court, amended their notice by adding thereto specifications of the errors of law now complained of. The motion was denied, and thereafter a statement of the case was prepared and settled. Section 659, subdivision 4, of the Code of Civil Procedure, provides: ''When the motion is to be made upon the minutes of the court, and the ground of the motion is the insufficiency of the evidence to justify the verdict or other decision, the notice of motion must specify the particulars in which the evidence is alleged to be insufficient; and, if the ground of the motion be errors in law occurring at the trial and excepted to by the moving party, the notice must specify the particular errors upon which the party will rely. If the notice do not contain the specifications here indicated, when the motion is made on the minutes of the court, the motion must be denied.'' The notice given was radically defective, so far as regards the specifications of error, and after the time for filing it had elapsed the moving parties had no right to amend it by adding the new specifications: Cooney v. Furlong, 66 Cal. 520, 6 Pac. 388; Little v. Jacks, 67 Cal. 165, 7 Pac. 449. This being so, the alleged errors cannot be considered. If, however, it was otherwise, the same result must be reached, since we are unable to see any material error in the rulings complained of.

3. It is further urged that the plaintiffs were entitled to have their title quieted as to all that part of the premises described in their complaint in which the defendants disclaimed having any estate or interest, and that the court, therefore, erred in dismissing the action. Section 739 of the Code of Civil Procedure provides: ''If the defendant in such action [action to quiet title] disclaim in his answer any interest or estate in the property, or suffer judgment to be taken against him without answer, the plaintiff cannot recover costs.'' If, then, judgment had been entered, quieting the plaintiffs' title to the disclaimed portion of the ground, it would have been merely formal, and without costs. Under these circumstances, we fail to see that plaintiffs were aggrieved by the judgment entered. The judgment and order are affirmed.