[No. 9988.    Department One. — October 29, 1885.]

## REBECCA RODGERS, APPELLANT, *v.* CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

RAILROAD — DEATH OF EMPLOYEE — LIABILITY FOR. — A railroad company is liable for the death of an employee caused by the falling of a bridge negligently constructed and maintained by the company as a part of its road.

ID. — ACT OF GOD. — If the falling of the bridge resulted from an act of God, the company is not liable unless its negligence was a contributing cause of the accident, and in order to charge the company in such a case, it must be guilty of negligence amounting to a want of ordinary care.

JURY — RECEIVING EVIDENCE OUT OF COURT. — A jury is guilty of improper conduct in receiving evidence out of court.

APPEAL from an order of the Superior Court of Sacramento County granting a new trial.

The facts are stated in the opinion.

*W. B. Treadwell,* and *A. P. Catlin,* for Appellant.

*S. C. Denson,* for Respondent.

SEARLS, C. — This is an action to recover damages for the death of plaintiff's son, claimed to have been caused by the negligence of the corporation defendant. Plaintiff had verdict which was set aside by the court below and a new trial granted. Plaintiff appeals from the order granting a new trial.

James McGregor Rodgers, the intestate of plaintiff, who was a servant of defendant and firemen on one of its locomotive engines, was killed in a train accident at China Gulch, in Shasta County.

An important question at the trial was, whether defendant was guilty of negligence in the construction and maintenance of a bridge across said gulch, by the fall of which the train in question was precipitated into a chasm and decedent killed, or whether

the accident was due to an enormous downflow of water caused by what is familiarly known as a cloud-burst, and constituting what is designated as an "act of God."

The court below very properly instructed the jury in effect that if the accident was attributable to a "superhuman or irresistible cause" to an "act of God," the defendant would not be liable, that as a general principle no man shall be responsible for that which no man can control, and then proceeded in his instruction as follows:—

"But if in addition to the act of God, so called, the intervention of man takes place, co-operating with it and commingling with it to any extent, however slight, and an injury then results, the injury is to be ascribed not to the act of God—which would constitute no defense in the case supposed—but to the act of man; and therefore if the negligence of a human being concurs with the act of God and causes an injury, the party thus negligent would be responsible therefor."

The objection taken to this instruction on the motion for new trial was that it did not discriminate between the different degrees of negligence, that it gave the jury to understand that if the act of the defendant *in the slightest degree* concurred with the act of God in producing the injury complained of, the defendant would be liable without regard to whether the negligence proven on its part was *slight, ordinary, or gross.*

The court below was of opinion defendant was only liable to its employee for want of ordinary care, and not for slight negligence, and therefore that the instruction tended to mislead the jury and was erroneous.

"Where an employment is accompanied with risks of which those who enter into it have notice, they cannot if they are injured by exposure to such risks, recover compensation from their employer." (Wharton on Negligence, § 200.)

Where, however, an employment involves special risks known to the employer, but of which the servant is not cognizant, and which are not patent, it is the duty of the employer to acquaint the servant therewith, and failing to do so, he will be liable for injury from such risks, suffered by the employee. (*Baxter* v. *Roberts,* 44 Cal. 188.)

Manifestly it was the duty of the defendant, a railroad com-

pany, to furnish alike to its passengers and employees a suitable and safe road, engines, cars, and appliances for conducting its business, to select competent and reliable servants, the nature of the business considered. This duty performed, and if from some extraordinary cause or condition, extrinsic to defendant's action, an injury results, defendant is not liable.

Responsibility ceases where accident intervenes.

If there is nothing to be imputed to a defendant, there is nothing with which he is chargeable.

If, however, the negligence of a defendant has combined with the act of God, with inevitable accident in producing the injury complained of, he is liable.

The question presented here is as to the degree of negligence which thus combining with a *superhuman or irresistible cause,* will render a defendant liable.

According to the instruction given by the court below, if the act of the defendant co-operated and commingled to *any extent, however slight,* with the accident, defendant would be liable.

We do not think this is or should be the rule as to the liability of a defendant engaged in a lawful pursuit to his employee.

"Where a man engaged in a lawful business exercises reasonable care, the law does not make him an insurer of others against those consequences of his actions which reasonable care and foresight could not have prevented. The law justly ascribes such consequences to inevitable misfortune, or to the act of God, and leaves the harm resulting from them to be borne by him upon whom it falls. The contrary rule would obviously be against public policy, because it would impose so great a restraint upon freedom of action as materially to check human enterprise." (Thompson on Negligence, 1234, 1235. See also *Brown* v. *Kendall,* 6 Cush. 292; *Morris* v. *Platt,* 32 Conn. 75.)

The Civil Code of this State, section 1971, is as follows:—

"An employer must in all cases indemnify his employee for losses occasioned by the former's want of ordinary care."

The Code having thus established the rule by which to ascertain the liability of the employer to his employee, it is not within the province of the courts to depart from it.

The instruction as given was violative of the rule, and the new trial was properly granted.

LXVII. CAL. — **39.**

2. So, too, we think the acts of the jury in receiving evidence out of court were improper.

Other errors were assigned as grounds for the motion, but as the action of the court in awarding the new trial was based upon the points herein noticed, we do not deem further discussion necessary.

We are of opinion the order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the order is affirmed.

Hearing in Bank denied.