[No. 11528. In Bank. — October 25, 1888.]

## A. B. NALLY ET AL., APPELLANTS, v. GEORGE H. Mc-DONALD, EXECUTOR ETC., RESPONDENT.

APPEAL — REVIEW OF ORDER GRANTING NEW TRIAL — REASONS FOR DECISION — DISCRETION. — An order granting a new trial will be affirmed, if it can be justified on any of the grounds upon which the motion for a new trial was based, without regard to the reasons for the order expressed in the opinion of the judge; and such order will not be disturbed, unless there has been a clear abuse of discretion, where the motion was made on the ground of the insufficiency of the evidence to support the verdict.

APPEAL from an order of the Superior Court of Mendocino County granting a new trial.

The facts are stated in the opinion of the court.

*Henley & Oates*, for Appellants.

*J. T. Rogers*, for Respondent.

McFARLAND, J. — The jury found a verdict for the plaintiffs, and a judgment was rendered thereon. Defendant made a motion for a new trial, and the court granted it. From the order granting a new trial plaintiffs appeal.

The basis of the action was a lost claim against the estate of Anna McDonald, deceased. Plaintiffs sought to prove that the claim was properly verified; that it was presented to A. C. McDonald, executor of the estate, who indorsed his allowance thereon; that the said executor volunteered a promise to take the claim to the county seat and procure its allowance by the probate judge; and that the claim had been lost or destroyed, and could not after a sufficient search be found. Defendant contended that there was an insufficiency of evidence to establish either of these asserted facts, and included such insufficiencies in his specifications of the particulars in which the evidence was insufficient. On the 19th of January,

1886, the judge of the court below filed a short opinion, in which he gave as the main reason for granting the new trial the failure of the evidence to show the loss of the claim. On the next day the order granting the motion for new trial was made, in which, after a reference to the statement on the motion, is a recital that "after a full consideration of said statement, the said motion for a new trial is on this day granted." Counsel for appellants contend that in passing upon the correctness of the order this court can consider only the reasons given for it in the said opinion of the judge. But it is clear, as contended by counsel for respondent, that the order should be affirmed if it can be justified on any of the grounds upon which the motion for a new trial was based. And the evidence was not so convincing upon any of the points contested—including the one mentioned in the opinion of the judge—as to warrant us in overturning the conclusion reached by the court below. A motion for a new trial on the ground of the insufficiency of the evidence to support the verdict is addressed to the sound discretion of the trial court; and when, on such a motion, the court below has granted a new trial, the order granting it will not be disturbed unless there has been a clear abuse of discretion. And it does not appear to us that there has been such an abuse of discretion in the case at bar.

Order appealed from affirmed.

PATERSON, J., WORKS, J., THORNTON, J., and SHARPSTEIN, J., concurred.