[S. F. No. 4385.   Department One.—April 10, 1906.]

ANDREW J. PIERCY, as Administrator of Estate of Mary Piercy, Deceased, Respondent, v. EDWIN M. PIERCY, Appellant.

ORDER GRANTING NEW TRIAL — SPECIFICATION OF GROUND — APPEAL— ARGUMENT OF RESPONDENT—PRESUMPTION.—Where the respondent in his brief advances no other ground for a new trial than that specified in the order granting it, it will be assumed upon appeal that no other valid ground for a new trial exists.

ID.—IRREGULARITY PREVENTING FAIR TRIAL.—Any misconduct of a party to an action by which a full presentation to the court or jury of evidence material to the other party's cause is prevented is an irregularity for which a new trial may be granted, if thereby a fair trial has been prevented.

ID.—DETERMINATION OF MISCONDUCT — CONFLICTING EVIDENCE.—Where there is sufficient evidence to sustain a finding of misconduct on the part of the defendant preventing a fair trial on the part of the plaintiff, the determination thereof upon conflicting evidence by the trial court on motion for a new trial cannot be interfered with by this court.

ID.—IRREGULARITY AFFECTING SUBSTANTIAL RIGHTS—DISCRETION.—The question whether the irregularity materially affected the substantial rights of the plaintiff and prevented her from having a fair trial was peculiarly one which was addressed to the discretion of the trial court, which, having heard and seen the witnesses on the trial and having knowledge of the circumstances of the case which cannot be reproduced in the printed record, is in a better position than the appellate court to determine as to the effect of the shown irregularity upon the result of the trial.

ID.—GROUND OF AFFIRMANCE OF ORDER GRANTING NEW TRIAL.—It is enough to justify the affirmance of the order granting a new trial upon such ground, that the irregularity found upon sufficient evidence by the trial court to have existed was of such a nature that it may, under the circumstances of the case as shown by the record, have affected the substantial rights of the aggrieved party and prevented a fair trial.

APPEAL from an order of the Superior Court of Santa Clara County granting a new trial. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

Jackson Hatch, and W. F. Williamson, for Appellant.

H. V. Morehouse, and J. E. Alexander, for Respondent.

ANGELLOTTI, J.—This is an appeal by defendant from an order granting plaintiff's motion for a new trial. The action was instituted by the deceased Mary Piercy to set aside a deed purporting to convey valuable real property in Santa Clara County to defendant, on the ground that the same had been obtained from her by defendant by means of undue influence and ignorance on her part as to the contents of the deed. The conveyance was dated March 13, 1901, and this action was instituted September 13, 1901. Findings and judgment were in

favor of defendant, and Mary Piercy subsequently dying, and the administrator of her estate having been substituted as plaintiff, notice of intention to move for a new trial on various grounds was given. The motion was subsequently heard on a bill of exceptions and affidavits, and the trial court made its order granting said motion on "the sole ground of irregularity in the proceedings of the defendant, by which the plaintiff was prevented from having a fair trial of the action—the irregularity here referred to being that which is shown by the affidavit of R. M. F. Soto, verified on April 7, 1904, and filed herein on April 9, 1904."

While the action of the court below in specifying in its order the ground upon which it granted the new trial could not have restricted this court to the ground so specified in its examination of the record for the purpose of ascertaining whether or not a new trial should be granted, except upon the single question as to the sufficiency of the evidence where it was conflicting (see *Weisser* v. *Southern Pacific Co.*, 148 Cal. 426, [83 Pac. 439], and cases there cited), the respondent in his brief advances no other reason than the one specified in the order, in support of the action of the trial court. It will therefore be assumed that no other valid ground for a new trial exists.

The irregularity shown by the affidavit of Mr. Soto may be fairly said to be substantially that, through the wrongful procurement of defendant, the action was, so far as the plaintiff's side thereof was concerned, practically tried as a mere formal matter, without any full and complete presentation of her case, and with the understanding on the part of those representing her at the trial (viz. a guardian *ad litem* appointed for her as an incompetent person more than a year and a half after the commencement of the action, and his attorney), both that the transaction between the parties was entirely regular and valid, and that the real object of the trial was to dispose of any question as to the validity of the deed, and confirm the title of defendant to the land described therein, such representatives being without knowledge as to material evidence which could have been produced in support of the cause of action stated in the complaint.

We have carefully examined the affidavits and bill of exceptions used on the hearing of the motion, together with the judgment-roll, and find nothing that would justify us in

reversing the order appealed from. It can serve no useful purpose to here set forth the statements made by various affiants, which, in the light of the facts shown by the bill of exceptions and judgment-roll, were, in our opinion, sufficient to sustain the conclusion of the trial court.

Our law provides that a new trial may be granted on the application of the party aggrieved, for "irregularity in the proceedings of the court, jury, or adverse party, or any order of the court, or abuse of discretion by which either party was prevented from having a fair trial." (Code Civ. Proc., sec. 657, subd. 1.) It is settled that any misconduct of a party to an action, by which a full presentation to the court or jury of evidence material to the other party's cause is prevented, is an irregularity for which a new trial may be granted, if thereby a fair trial of the issues has been prevented. (See Hayne on New Trial and Appeal, secs. 25, 46, 49; Spelling on New Trial and Appellate Procedure, secs. 80, 86.)

The evidence here was sufficient to sustain a finding of such misconduct on the part of defendant. It is true that there was a conflict of evidence, but upon such a motion it is for the trial court to determine the true facts, and we cannot interfere with such determination where there is substantial evidence to support the conclusion reached.

It is of course true, as contended by counsel for defendant, that a mere irregularity which does not affect the substantial rights of the other party or prevent him from having a fair trial does not justify the granting of a new trial. The affidavit of Mr. Soto, however, was clear as to the direct effect of the irregularity in this case, showing that as a result thereof certain material evidence in support of plaintiff's claim was not presented. The question as to whether this materially affected the substantial rights of plaintiff and prevented her from having a fair trial was peculiarly one which was addressed to the discretion of the trial court, for the same reasons that a motion for a new trial upon the ground of newly discovered evidence is so addressed, as has been repeatedly held. The trial court having heard and seen the witnesses on the trial, and having knowledge as to those circumstances of a case which cannot be reproduced in the printed record, is in a better position than is the appellate court to determine as to the effect of the shown irregularity upon the result of the trial.

It is certainly enough to justify the affirmance of an order granting a new trial upon such ground that the irregularity found upon sufficient evidence by the trial court to have existed was of such a nature that it may, under the circumstances of the case, as shown by the record, have affected the substantial rights of the aggrieved party and prevented a fair trial.

Under such circumstances, the conclusion of the trial court that it did have such an effect should be held absolutely binding upon the appellate court.

The order granting a new trial is affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.