[Civ. No. 1046. First Appellate District.—September 25, 1912.]

## CHARLES P. CLARK and HARRIET E. CLARK, Appellants, v. H. A. VAN C. TORCHIANA, H. FRANCIS ANDERSON, and GEORGE C. PRATCHNER COMPANY, a Corporation, Respondents.

ACTION FOR DAMAGES FOR TRESPASS ON REAL PROPERTY—DEFENDANTS JOINTLY CHARGED—PLEA OF OWNERS AS TO ACT OF INDEPENDENT CONTRACTOR—ORDER GRANTING NEW TRIAL—APPEAL.—In action for damages for trespass to real property, where three defendants were jointly charged, and two of them were owners of adjoining property who pleaded in defense that the sole liability was that of an independent contractor who had been employed by the adjoining owners to construct a street, it is held that upon appeal from an order granting a new trial as to all of the defendants, the sufficiency of such defense cannot be considered.

ID.—ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL—SUFFICIENCY OF PLEADINGS NOT REVIEWABLE.—A new trial is a re-examination of an issue of fact, and the sufficiency of the pleadings, either to support the plaintiff's cause of action or to maintain any particular defense relied upon, is not involved in such re-examination of an issue of fact, and therefore cannot be considered upon appeal from an order granting a new trial.

ID.—GENERAL ORDER GRANTING NEW TRIAL AS TO THREE DEFENDANTS—IMPROPER ORDER AS TO INDEPENDENT CONTRACTOR.—In the action of trespass brought against three defendants for injury to plaintiff's lot, and cutting off a portion thereof in the construction of a street, where the judgment was against them jointly, and a new trial was granted as to all of the defendants, where the evidence clearly shows that two of them were the owners of lots who had committed no trespass upon the plaintiff's land, and that the other defendant was an independent contractor employed to construct the street, who was alone liable for the trespass committed, it is held that the new trial was properly granted as to such two defendants and improperly granted as to such independent contractor.

ID.—CHANGE OF COMMON-LAW RULE AS TO EFFECT OF VACATING ORDER AS TO ALL JOINT TORT-FEASORS.—The settled common-law rule that when a verdict or judgment against several persons jointly charged as tort-feasors is set aside for error as to one or more of them, a reversal of the same is necessitated as to all of them, has been materially modified, if not entirely suspended, by statute in this state, in which it is now the rule that, if a verdict and judgment be given against several persons sued jointly, the verdict, if

found erroneous as to one of them, may be vacated as to that one only, and continue in full force and effect as to the remaining defendants.

ID.—QUESTION OF ACTUAL DAMAGES—PUNITIVE DAMAGES NOT INVOLVED. Where the evidence clearly shows that the amount of actual damages to plaintiff's land exceeded the amount allowed by the verdict of the jury, no question of punitive damages is involved in the case or arises upon the record.

APPEAL from an order of the Superior Court of Santa Cruz County denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Chas. M. Cassin, and Cassin & Lucas, for Appellants.

W. P. Netherton, and Netherton & Torchiana, for Respondents.

W. P. Netherton, for H. A. Van C. Torchiana, Respondent.

H. A. Van C. Torchiana, W. P. Netherton, and Stratton, Kaufman & Torchiana, for George C. Pratchner Co., a Corporation, Respondent.

LENNON, P. J.—This is an appeal, upon a bill of exceptions, from an order granting a new trial in an action for damages for trespass to real property.

The plaintiffs, for cause of action, pleaded practically the following facts: The plaintiffs were the owners of a lot of land peculiarly adapted to residence purposes in the city of Santa Cruz. Plaintiffs purchased this land from the defendants Anderson and Torchiana, and as a part of the consideration for its purchase said defendants agreed with the plaintiffs to cut and construct a public street immediately south of the southerly boundary line of said lot. Subsequent to the sale of the lot the defendants, Anderson and Torchiana, and the Pratchner Company, jointly commenced to construct the proposed street upon lands previously surveyed and staked out, and which if followed would have kept the course of, and location of, said street free and clear of plaintiffs' lot. The defendants, in the construction of said street, knowingly and willfully, and without the knowledge or consent of the plaintiffs, deviated from the surveyed line of said proposed street, and entered upon the plaintiffs' lot at the southeasterly part

thereof, and removed therefrom large quantities of earth and soil, and constructed said street through a portion of said lot, all to plaintiffs' damage in the sum of $750.

The several defendants answered separately. They, in effect, denied all of the material allegations of the complaint. In addition, however, the answer of the defendant Anderson averred that the construction of the proposed street "was a neighborhood affair, to which all the neighbors beneficially interested donated funds and land, and that the only obligation which this defendant took upon himself was to donate his interest in part of the land covered by said proposed street, and to pay one-half of the total cost of construction less the amount paid by all the neighbors with the exception of his codefendant, H. A. Van C. Torchiana, who agreed to pay the other half; that he acted as agent for all the interested parties, and engaged the contracting firm, the George C. Pratchner Co., a corporation, to cut said street in accordance with the survey previously made, . . . and that he instructed said contracting company to build a good and sufficient grade on and upon the lands conveyed by this defendant and his codefendant Torchiana for the benefit of himself, his codefendant and all parties interested. . . . That he did instruct said contracting firm of George C. Pratchner & Co. to proceed with the construction of said road, and that he let a contract, as agent for all the parties beneficially interested in the construction of said road, to said George C. Pratchner Co., and that he never knew during the construction of said road that said contractor in any way infringed upon the rights of said plaintiffs or either of them, but was only informed after the road was fully finished that said contractor had made a slight mistake and had cut into a small corner of plaintiffs' land."

Upon the issues thus framed the case was tried by the lower court with a jury, and the trial resulted in a verdict for the plaintiffs, upon which judgment was entered against all of the defendants in the sum of $500.

Subsequently the defendants interposed a motion for a new trial based upon the grounds, (1) a resort by the jury to the determination of chance on the question submitted to them; (2) excessive damages, appearing to have been given under the influence of passion and prejudice; (3) insufficiency of the evidence to justify the verdict; (4) that the verdict is against law.

A new trial was granted to all of the defendants by the lower court, for the reason, as specifically stated in the order granting the same, that ''There was no evidence whatever to sustain the verdict as to the defendants Anderson and Torchiana.''

Notwithstanding the fact that the lower court based its ruling, in granting a new trial as to all of the defendants, solely upon the insufficiency of the evidence to support the verdict against two of the defendants, the order appealed from must be affirmed in whole or in part if it can be justified upon any of the grounds which were made the basis of the motion for a new trial. This is conceded by the plaintiffs, and it is not disputed that the order granting a new trial, in so far as it affects the defendants Anderson and Torchiana, must be affirmed if it can be fairly said that the record fails to show any evidence whatsoever in support of the verdict against said defendants, or that the record shows a substantial conflict in the evidence as to their participation in the trespass complained of. It is insisted, however, upon behalf of the plaintiffs that the record does not reveal a single valid ground upon which the order granting a new trial as to all of the defendants can be justified; and furthermore, that the record shows without conflict ample evidence to support the verdict not only as against the defendant Pratchner Company but as against the defendants Anderson and Torchiana as well. Plaintiffs further contend that even if we should agree with the trial court that the evidence is insufficient to support the verdict against the two last-named defendants, the verdict and judgment rendered and entered against Pratchner Company should not be disturbed, because the evidence upon the whole case without conflict supports the verdict against that particular defendant.

The case was tried in the lower court apparently upon the theory that the defendants Anderson and Torchiana had interposed and relied upon the defense that the trespass complained of was committed by an ''independent contractor.'' The point is now made by the plaintiffs that the affirmative allegations of the respective answers of these two defendants did not state facts sufficient to constitute such a defense. This point cannot arise upon an appeal, such as we have in the present case, from an order granting a new trial.

A new trial is a re-examination of an issue of fact, and the sufficiency of the pleadings to support a plaintiff's cause of action, or maintain any particular defense relied upon by a defendant, is not involved in a re-examination of an issue of fact, and therefore cannot be considered upon an appeal from an order granting a new trial. (*Martin* v. *Matfield,* 49 Cal. 42; *Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186]; *Crescent Feather Co.* v. *United Upholsterers' Union,* 153 Cal. 433, [95 Pac. 871]; *Riverside Water Co.* v. *Gage,* 108 Cal. 240, [41 Pac. 299].)

Whatever the theory of the defense may have been, and aside from the question of the technical sufficiency of the respective answers of the defendants Anderson and Torchiana to support any particular defense relied upon by them, it is certain that these two defendants, by the specific denials of their answers, put in issue, so far at least as they were concerned, every material allegation of the plaintiffs' complaint. Under the general issue thus raised, the burden was upon the plaintiffs to show by a preponderance of the evidence that the trespass and damage complained of resulted from the joint act of all of the defendants rather than from the independent, individual act of the defendant Pratchner Company. This the plaintiffs utterly failed to do. In this behalf we do not deem it necessary to narrate and review the evidence in detail. It will suffice to say that the record of the evidence adduced at the trial and upon the whole case shows, we think, clearly and conclusively, and without conflict, that, although contracted for and authorized by the defendants Anderson and Torchiana, the work of constructing the street in question was undertaken and done wholly by and under the sole and immediate supervision and control of the defendant Pratchner Company, and that the damage resulting to plaintiffs therefrom was the individual and independent act of the defendant Pratchner Company. This being so, the defendants Anderson and Torchiana could not be held legally liable for the trespass and damage to plaintiffs' lot; and under the instructions of the trial court, which clearly and correctly stated the law upon this phase of the case, the jury should have rendered a verdict in favor of, rather than against, the defendants Anderson and Torchiana.

It follows from what has been said that it was not only the right, but the duty, of the lower court to grant the last-named

defendants a new trial, and that in so far as they are con-
cerned, the order appealed from must be affirmed.

With reference to the defendant Pratchner Company, the
record, we think, reveals ample evidence to support the ver-
dict and judgment rendered and entered against it.  The fact
that this particular defendant had trespassed upon plaintiffs'
lot in constructing the street in question was not denied by
the answer of any of the defendants, nor was this fact dis-
puted at the trial.  In so far as that defendant was concerned,
the magnitude of the trespass and the amount of damage re-
sulting therefrom were the paramount issues raised by the
pleadings.  Upon the question of the extent of the trespass
and the resulting damage the evidence, save in minor matters,
was free from conflict.  Generally, it was shown that in the
construction of the street some two hundred and twenty cubic
yards of earth were excavated and removed from the plain-
tiffs' lot; and that in order to restore the lot to its former
condition the excavation would have to be refilled, and to do
this successfully it would be necessary to build a retaining
wall.  The cost of refilling and building the retaining wall
was estimated by plaintiffs' witness to be $540.50.

These are undisputed facts in the case.  True, it was tes-
tified to by witnesses for the defense that the peculiar forma-
tion and character of plaintiffs' lot would not support a re-
taining wall such as was admitted would be necessary to with-
stand the pressure exerted by the weight of the material which
would be used in the refilling.  Under the pleadings in this
case it is doubtful if such testimony was properly admitted in
evidence; but however that may be, it was not opposed to the
plaintiffs' proof of the necessity for refilling in order to re-
store the lot to its original condition and value; nor did it
tend to disprove or contradict plaintiffs' case as to the extent
and the measure of the damage suffered by them.  On the
contrary, its tendency was to increase plaintiffs' proof of dam-
age by showing that it was impossible at any cost to restore
plaintiffs' lot to its original condition.  In short, the admitted
facts of the case, coupled with the evidence adduced at the
trial, were amply sufficient, upon the question of trespass and
the issue of damages, to support the verdict against the de-
fendant Pratchner Company.  In the absence of a showing of
error in other respects sufficient to support the remaining

grounds of the motion for a new trial, the verdict and judgment rendered and entered against the Pratchner Company must stand. Evidently the lower court was impelled to grant a new trial as to all of the defendants from a mistaken notion that if it was found that a new trial was rightfully due to one or more of the defendants, it must necessarily be granted as a matter of law to all of the defendants, merely because they were all jointly charged with participating in the trespass complained of. It was the common-law rule that the reversal of a joint judgment against several joint tort-feasors for error against one defendant necessitated a reversal of the judgment as to all of the defendants. This rule has been materially modified, if not entirely superseded, by statute in this state; and now it is the rule that if a verdict and a judgment be given against several defendants who have been sued jointly, the verdict and judgment, if found to be erroneous as to any one of the defendants, may be vacated as to that one only, and continue in full force and effect as to the remaining defendants. (Code Civ. Proc., secs. 578, 579; *Nichols* v. *Dunphy*, 58 Cal. 605; *Cole* v. *Roebling Construction Co.*, 156 Cal. 443, [105 Pac. 255]; *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, [116 Pac. 513].)

Counsel on both sides have discussed at some length the question as to whether or not the jury under the evidence was justified in rendering a verdict for punitive damages. From our reading and understanding of the evidence it clearly appears, and practically without conflict, that the trespass complained of resulted in actual damage to the plaintiffs in a sum in excess of $500; the jury's verdict was for but $500; and if plaintiffs' proven damages exceeded that amount, we are at a loss to perceive how any question of punitive damages can arise on the record.

For the reasons stated the order appealed from is affirmed as to the defendants Anderson and Torchiana, and it is reversed in so far as it purports to grant a new trial to the defendant Pratchner Company.

Hall, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 25, 1912.