[Civ. No. 3135. First Appellate District, Division Two.—December 24, 1919.]

C. A. TUNMORE, Respondent, v. A. L. McLEISH, Appellant.

[1] NEW TRIALS—ACTION FOR DAMAGES FOR PERSONAL INJURIES—TAKING EVIDENCE OUT OF COURT—IRREGULARITY OF JURY.—In an action for damages for personal injuries suffered by the plaintiff by reason of a collision between a motorcycle on which he was riding and an automobile being driven by the defendant, the examination by certain of the jurors during a recess of the court, and prior to its introduction in evidence, of the motorcycle upon

which the plaintiff was riding at the time of the accident, and
their discussion as to whether it would have been possible for the
wife of the plaintiff to have seen the speedometer from where she
was sitting on the rear seat at the time of the accident, no evi-
dence having been introduced upon the question of the position of
the speedometer prior to the collision, constituted an irregularity
of the jury justifying the trial court in granting a motion for a
new trial.

[2] ID.—MATERIALITY OF IRREGULARITY—DISCRETION OF TRIAL COURT.—
While a mere irregularity which does not affect the substantial
rights of the other party or prevent him from having a fair trial
does not justify the granting of a new trial, the question as to
whether the action of the jury under all the circumstances ma-
terially affected the substantial rights of such party and prevented
him from having a fair trial is peculiarly one that is addressed to
the discretion of the trial court.

[3] ID.—CONFLICTING AFFIDAVITS—DETERMINATION OF TRIAL COURT—
APPEAL.—Where the affidavits and counter-affidavits introduced in
connection with a motion for a new trial are conflicting, the de-
termination of the trial court of matters alleged therein is con-
clusive on the appellate court.

[4] ID.—ORDER GRANTING—GROUNDS—APPEAL.—If there is a reason-
able or fairly debatable justification for the action of the trial
court in granting a new trial upon any ground stated in the motion
and not expressly excluded by the order, such action will be sus-
tained.

APPEAL from an order of the Superior Court of Los An-
geles County granting a motion for a new trial. Paul J.
McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellant.

Oscar E. Winburn, Charles Winburn and Ray Howard for
Respondent.

LANGDON, P. J.—This is an appeal from an order grant-
ing a motion for a new trial. The action was one for per-
sonal injuries suffered by the plaintiff by reason of a collision
between a motorcycle, on which the plaintiff was riding, and
an automobile being driven by the defendant. The verdict of
the jury was for the defendant. A motion for a new trial
was made upon six grounds. The order granting the motion

was upon four grounds. [1] The first of these grounds is stated to be: ''Irregularity of jurors in examining motorcycle out of court.'' The facts in relation to this incident, as they appear from the affidavit of Nora Tunmore, the wife of the plaintiff, and a witness in the case, are that during a recess of the court and before the introduction in evidence of the motorcycle upon which the plaintiff was riding at the time of the accident, two jurymen carefully examined the motorcycle, and its various parts, and in discussing the said motorcycle at the time of this examination, one of said jurymen stated to the other that it was impossible for the plaintiff's wife to have seen the speedometer from where she was sitting on the rear seat at the time of the accident. It also appears from the affidavits of this witness and of the plaintiff that at the time the motorcycle was examined by the said jurymen the speedometer was not in the same position that it had occupied at the time of the accident—but that it had become loosened and had slipped out of position by reason of the force of the impact of the automobile and the motorcycle at the time of the accident. It appears from the affidavit of one of the attorneys for the plaintiff and from an examination of the record that no evidence was introduced upon the question of the position of the speedometer prior to the time of the collision. In examining the motorcycle during a recess of court for the purpose of ascertaining whether or not the plaintiff's wife could have seen the speedometer from where she was sitting, the jury was not only taking evidence out of court without the knowledge of the parties, but was taking evidence along new lines which the plaintiff had no opportunity to explain or refute. It is said in the case of *Higgins* v. *Los Angeles Gas & Electric Co.,* 159 Cal. 651, [34 L. R. A. (N. S.) 717, 115 Pac. 313] : ''It is a fundamental rule that all evidence shall be taken in open court and that each party to a controversy shall have knowledge of, and thus be enabled to meet and answer, any evidence brought against him. It is this fundamental rule that is to govern the use of such exhibits by the jury. They may use the evidence according to its nature to aid them in weighing the evidence which has been given and in reaching a conclusion upon a controverted matter. They may carry out experiments within the lines of offered evidence, but if their experiments shall invade new fields and they shall be

influenced in their verdict by discoveries from such experiments which will not fall fairly within the scope and purview of the evidence, then manifestly the jury has been itself taking evidence without the knowledge of either party, evidence which it is not possible for the party injured to meet, answer or explain.'' A very learned discussion of this question appears in said last cited case, and the reasoning therein, we think, clearly brings the present case within the inhibition of the rule. Also, in the present case, there is the added irregularity that the exhibit was examined out of court and before it had been introduced in evidence. It is improper for a jury to receive any evidence out of court. (*Rodgers* v. *Central Pac. R. R. Co.*, 67 Cal. 607, [8 Pac. 377].)

[2] While it is true, of course, as contended by counsel for the respondent, that a mere irregularity which does not affect the substantial rights of the other party or prevent him from having a fair trial does not justify the granting of a new trial, the question as to whether the action of the jury under all the circumstances materially affected plaintiff's substantial rights and prevented him from having a fair trial was peculiarly one that was addressed to the discretion of the trial court. As was stated in the case of *Piercy* v. *Piercy*, 149 Cal. 166, [86 Pac. 507], the trial court having heard and seen the witnesses on the trial, and having knowledge as to those circumstances of a case which cannot be reproduced in the printed record, is in a better position than is the appellate court to determine as to the effect of the irregularity upon the result of the trial.

The respondent argues that the affidavits of the jurors may not be considered by the court upon such an irregularity in their conduct. A discussion of that question becomes unnecessary here. We have stated the facts as they appear in the affidavits of the plaintiff and his wife without regard to affidavits of any of the jurors.

[3] The argument of the respondent based upon the allegations of the counter-affidavits cannot be urged here, because the determination of the court upon conflicting affidavits of matters alleged in said affidavits is conclusive here. (*Barrett* v. *Graham*, 19 Cal. 635; *Love* v. *Watts*, 1 Cal. Unrep. 24; *Diller* v. *Northern Cal. Power Co.*, 162 Cal. 532, [Ann. Cas. 1913D, 908, 123 Pac. 359].) Whether the conduct of the attorney for the plaintiff constituted a waiver of this

irregularity is a question dependent upon conflicting allegations appearing in the affidavits and counter-affidavits, and the determination of the trial court upon this matter will, therefore, not be disturbed.

[4] It has been repeatedly held that the action of the trial court in granting a new trial will not be disturbed upon appeal if there is a reasonable or fairly debatable justification for its action. (*Harrison* v. *Sutter Street Ry. Co.*, 116 Cal. 156, [47 Pac. 1019].) If the order granting a new trial can be sustained upon any ground stated in the motion and not expressly excluded by the order, it will be sustained. (*Gordon* v. *Roberts,* 162 Cal. 506, [123 Pac. 288]; *Cahill* v. *E. B. & A. L. Stone Co.,* 167 Cal. 126, [138 Pac. 712].) It, therefore, becomes unnecessary for us to discuss the other grounds upon which the order was based.

The order appealed from is affirmed.

Brittain, J., and Nourse, J., concurred.