[S. F. No. 8333.   In Bank.—January 6, 1920.]

TEMPERANCE L. MERRALLS, as Administratrix, etc., Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

[1] NEW TRIAL—DISCRETION—APPEAL.—The granting or refusing of a new trial is a matter largely within the discretion of the trial court, and it is only when this discretion has been abused that the appellate court will reverse the order.

[2] ID.—ORDER GRANTING NEW TRIAL—MISCONDUCT OF COUNSEL—DISCRETION NOT ABUSED.—In an action for damages for death, the court did not abuse its discretion in granting the plaintiff a new trial on the ground of misconduct of counsel of defendant in persisting, after the testimony was closed, in bringing to the attention of the court, in the presence of the jury, and later in his argument to the jury, an amendment that had been made in the original complaint three days before the trial, which statements were of such a nature, with regard to the circumstances and purpose of the amendment, as well as to the amendment itself, as to reflect discredit on counsel for plaintiff and upon two of plaintiff's witnesses, whose testimony was vital to her cause.

[3] ID.—DISREGARD OF IMPROPER STATEMENTS OF COUNSEL—FAILURE TO REQUEST ADMONITION OF JURY—INSUFFICIENT GROUND FOR REVERSAL.—An order granting the plaintiff a new trial in an

action for damages for death on the ground of misconduct of opposing counsel will not be reversed on appeal merely because the plaintiff failed to request the court to admonish the jury to disregard the objectionable statements, where the court of its own motion had repeatedly·given such admonition.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Affirmed.

·The facts are stated in the opinion of the court.

A. A. Moore, Stanley Moore and Elliott Johnson for Appellant.

Lane, White & Elliott, Edward Elliott and E. A. Bridgford for Respondent.

LAWLOR, J.—The appeal is from an order granting a new trial to the plaintiff. The action was brought by the plaintiff, as administratrix of the estate of William Augustus Merralls, deceased, ·for damages against defendant, in behalf of the heirs of the deceased, for the death of the said Merralls, who was killed by an electric train owned and operated by the defendant in the city of Alameda.·

The fatal accident occurred on the night of September 2, 1914.. On that evening Mr. Merralls and a Mrs. Christina Nourse and a Mrs. Annie Wilson had made a social call in Alameda and were intending to take a train back to San Francisco. There was no question about the decedent háving gone upon the track ahead of the train. The only conflict in· the testimony was as to the speed of the train and the ringing of the bell. The witnesses, who testified on these points, were the motorman and conductor of the train, called by·the defendant, and Mrs. Nourse and Mrs. Wilson, called on behalf of the plaintiff. According to the motorman he rang the bell as the train approached the crossing where the accident occurred, and the speed of the car was not more than twenty miles an hour. The conductor did not testify as to the speed of the train, but did testify that he heard the ringing of the bell as the car was being brought to an emergency stop. Both witnesses for the plaintiff testified that they heard no bell sounded or other warning given. As to the matter of speed Mrs. Nourse testified: "When I became aware of the train

it was right on us and moving at a high rate of speed; I would say thirty-five miles an hour." And on the same matter Mrs. Wilson testified: "It was moving very rapidly. I can safely say, at least thirty-five miles an hour; it was going very swift."

The jury returned a verdict for the defendant, judgment was entered accordingly, the plaintiff moved for a new trial, which motion was granted, and from the order granting the new trial this appeal is taken by the defendant.

The notice of intention to move for a new trial specified several grounds upon which the motion would be made, which were as follows:

"(1) Irregularity in the proceedings of the court; irregularity in the proceedings of the adverse party, to wit, the defendant by and through its attorneys, by which the plaintiff was prevented from having a fair trial.

"(2) Insufficiency of the evidence to justify the verdict of the jury.

"(3) Errors in law occurring at the trial and excepted to by plaintiff."

In support of the motion for a new trial an affidavit was filed by the plaintiff setting out a portion of the record containing what was alleged to be the misconduct of "the defendant by and through its attorneys." The alleged misconduct consisted, in brief, of the attorney for the defendant persisting, after the testimony was closed, in bringing to the attention of the court, in the presence of the jury, and later in his argument to the jury, an amendment that had been made in the original complaint three days before the trial by the addition of the expression "more than" between the words "of" and "twenty-five" in the phrase "at a speed of twenty-five miles an hour," referring to the speed of the train at the time of the accident. The statements of counsel for defendant in this behalf, as alleged in such affidavit, were of such a nature, with regard to the circumstances and purpose of the amendment, as well as to the amendment itself, as to reflect discredit on counsel for plaintiff and upon two of plaintiff's material witnesses, whose testimony was vital to her cause. The whole matter was entirely foreign to the issues to be determined by the jury, and there is reasonable ground for concluding that the jury was probably influenced thereby, notwithstanding that the trial court, of its own motion, repeatedly admonished the jury in regard thereto.

The court, in granting the motion for a new trial, specifically finds that the evidence was sufficient to sustain the verdict. The order reads as follows:

"The motion for a new trial in behalf of plaintiff in the above-entitled case, coming on regularly to be heard, and said motion having been submitted to the court for decision, and the court having fully considered the motion and the points and authorities submitted by the respective counsel, now orders that said motion be, and the same is, hereby granted.

"On the question of the sufficiency of the evidence, the court finds that the evidence was sufficient to warrant a verdict either in favor of plaintiff or in favor of defendant."

No errors of law excepted to by the plaintiff are found in the record, and no objections were made and called to the attention of the court save the alleged errors set out in the affidavit. The record contains no rulings on the admission or rejection of evidence, nor is there any assignment of error in the giving of the instructions to the jury.

With the order granting the new trial in such terms, the question raised by the respondent as to the sufficiency of the evidence to sustain the verdict cannot enter into the discussion. There being no other errors of law called to the attention of the court, it must be concluded that the sole ground upon which the trial court based its order granting a new trial is that of irregularity in the proceedings, namely, the misconduct of counsel for defendant. The disposition of this appeal depends, therefore, upon whether there was an abuse of discretion on the part of the trial court in making the order granting plaintiff's motion for a new trial on that ground.

[1] The rule is well settled by a long line of decisions in this state that the granting or refusing of a new trial is a matter largely within the discretion of the trial court, and it is only when this discretion has been abused that the appellate court will reverse the order. (*Pico* v. *Cohn*, 67 Cal. 258, [7 Pac. 680]; *Cole* v. *Wilcox*, 99 Cal. 549, 552, [34 Pac. 114]; *Brooks* v. *San Francisco etc. Ry. Co.*, 110 Cal. 173, 178, [42 Pac. 510]; *Von Schroeder* v. *Spreckels*, 147 Cal. 186, [81 Pac. 515]; *Piercy* v. *Piercy*, 149 Cal. 163, [86 Pac. 507]; *Gordon* v. *Roberts*, 162 Cal. 506, [123 Pac. 288]; *McEwen* v. *Occidental Life Ins. Co.*, 172 Cal. 6, [155 Pac. 86]; *Tweedale* v. *Barnett*, 172 Cal. 271, [156 Pac. 483].) In *Piercy* v. *Piercy*,

*supra,* which was a case involving the granting of a new trial on the ground of misconduct of one of the parties, it was said:

"The question as to whether this materially affected the substantial rights of plaintiff and prevented her from having a fair trial was peculiarly one which was addressed to the discretion of the trial court, for the same reasons that a motion for a new trial upon the ground of newly discovered evidence is so addressed, as has been repeatedly held. *The trial court having heard and seen the witnesses on the trial, and having knowledge as to those circumstances of a case which cannot be reproduced in the printed record, is in a better position than is the appellate court to determine as to the effect of the shown irregularity upon the result of the trial.*

"It is certainly enough to justify the affirmance of an order granting a new trial upon such ground that the irregularity found upon sufficient evidence by the trial court to have existed was of such a nature that it may, under the circumstances of the case, as shown by the record, have affected the substantial rights of the aggrieved party and prevented a fair trial." (Italics ours.)

[2] We perceive no ground for the contention in the instant case that the trial court abused its discretion in granting the motion for a new trial. The court may well have concluded that the misconduct of counsel was such that the effect thereof was not removed by the admonitory instructions, and that the only way to obviate any resulting prejudice to the rights of the plaintiff was to grant a new trial. The record plainly shows that the court was keenly alive to a sense of its own duties in the premises, and, considering the point in all its aspects, we cannot say that the granting of a new trial because of such misconduct constituted an abuse of discretion.

But it is urged by the defendant that "even if it were conceded for the purpose of the argument that counsel for the defendant had no right to refer in his argument to the amendment having been made or to make any comment thereon, nevertheless, no ruling having been invoked by the counsel for the plaintiff and no suggestion or request having been made by the court to counsel for the defendant, no new trial should be granted."

What counsel for the plaintiff did in the premises was this: As soon as it became evident that counsel for defendant intended to discuss the amended complaint, counsel for plaintiff

stated that he wanted to object to any reference to the amended complaint being made, but opposing counsel was allowed to finish his statement. At frequent intervals counsel for plaintiff vigorously protested against the conduct of counsel for the defendant. After counsel for plaintiff had been sworn to testify about the amendment in question his associate stated to the court: "I think the jury should be dismissed. I think the jury should be excused." The court ruled that "if this is evidence the jury must hear it."

It is not true, therefore, that counsel for plaintiff did not invoke the rulings of the court in respect to the incident, for many objections were interposed by them. It is true, however, that no exceptions were taken by counsel for the plaintiff to such rulings as the court made, nor was the court requested to admonish the jury to disregard the references to the amendment. And as no point is made over the failure to take such exceptions, we will confine our consideration to the absence of a request for admonitory instructions. We think the failure of the court to make any suggestion to or request of counsel for defendant during the discussion does not call for consideration.

It is proper to point out that the cases relied on by the defendant in support of this contention are cases wherein the appeal was from a judgment or an order *denying* a motion for a new trial, and a reversal was urged on the ground of misconduct of counsel where no request was made to admonish the jury to disregard it nor an exception taken to the action of the court. The appeal herein, however, is from an order *granting* a new trial, and the question before us is whether the court abused its discretion. No case has been called to our attention in which the rule here sought to be invoked has been applied to the *granting* of a new trial on such a ground. But even if the rule is to be applied in such a case as this, we think there is no merit in the contention of defendant on the point.

Discussing the alleged misconduct of the plaintiff before the jury in the recent case of *Scott* v. *Times-Mirror Co.*, 181 Cal. 345, [184 Pac. 672], this court said at page 368 of 181 Cal. [page 682 of 184 Pac.]: "In no case was the court requested to instruct the jury that the conduct objected to was improper and that it was to be disregarded by them. Where the action of the trial court is not thus invoked, the

alleged misconduct will not be considered on appeal, if an admonition to the jury would remove the effect thereof. (*People v. Shears*, 133 Cal. 154, [65 Pac. 295] ; *People v. Babcock*, 160 Cal. 537, [117 Pac. 549] ; *Grossetti* v. *Sweasey*, 176 Cal. 793, 169 Pac. 687].) ''

The only course left open to counsel for the plaintiff here to have the effect of such misconduct removed, or at least mitigated, was to request the court to censure the offending counsel and to admonish the jury. **[3]** The court, as we have seen, of its own motion, did one of these things—it repeatedly admonished the jury. Thus the purpose of the rule requiring that the court be requested to admonish the jury was fully served, for even if the request had been made, the court could have done no more than it did in that behalf.

The order is affirmed.

Angellotti, C. J., Olney, J., Wilbur J., and Shaw, J., concurred.