[S. F. No. 13016. In Bank.—November 4, 1929.]

JENNIE LaRUE, Appellant, v. WARDEN T. BARR, as Administrator, etc., Respondent.

494

Lewis H. Smith and Archie A. Smith for Appellant.

Frank Kauke for Respondent.

LANGDON, J.—This is an appeal by the plaintiff from an order granting a new trial after a verdict and judgment in favor of plaintiff for $12,000.

The plaintiff was the step-granddaughter of defendant's decedent. Plaintiff lived in the home of decedent for over eight years prior to the death of the latter. During this period of time she was employed outside the home during the day for a considerable period, and it appears from the evidence that she assisted her grandmother with the household duties, attended to the household errands and served as companion for the older woman during the evenings and when she was not employed otherwise. Upon the death of the grandmother, plaintiff contended that there was a contract between herself and decedent, whereby decedent promised to give by will all her property to plaintiff, if plaintiff would live with her and aid and assist her in and about the household. This contract was pleaded in the first count of the complaint, but, not being in writing, was unenforceable, and a demurrer to that count was sustained. Plaintiff pleaded in a second count a cause of action for the reasonable value of her services, which she alleged to be $12,000, which was slightly more than the value of the estate.

The evidence is conflicting as to the amount of service rendered by plaintiff and as to the demands made upon her by her grandmother. Even the impersonal printed pages of the record leave doubt as to whether the arrangement was for the benefit of the grandmother, or for the benefit of plaintiff or for their mutual benefit, and while the jury has found for the plaintiff in a sum in excess of the value of the estate, the trial court, in its discretion, has granted a new trial upon the ground of the insufficiency of the evidence.

Appellant contends that since the motion for a new trial was based upon several grounds, including that of excessive damages, and was granted upon the ground of insufficiency of the evidence, we may not support it upon the ground of excessive damages, even though we are of the opinion that the trial court had in mind the question of excessive damages in awarding the new trial. The case of *Smith* v. *Royer*, 181 Cal. 165 [183 Pac. 660], restating a well-established rule, holds that the granting of a new trial rests very largely in the discretion of the trial court, and such an order will not be disturbed if it can be upheld upon any ground shown by the record. To the same effect is the case of *Kauffman* v. *Maier*, 94 Cal. 269 [18 L. R. A. 124, 29 Pac. 481].

 Since the order granting a new trial may be supported upon the theory that the evidence does not support the finding of the jury that services of the reasonable value of $12,000, in addition to the value of plaintiff's board and lodging for over eight years, were rendered by plaintiff to decedent, we cannot interfere with the exercise of the discretion of the trial court after its personal observation of the witnesses.

The order appealed from is affirmed.

Curtis, J., Seawell, J., Richards, J., Preston, J., and Waste, C. J., concurred.