[Civ. No. 2069. Fourth Appellate District.—June 2, 1939.]

K. ETHEL GRAY, Appellant, v. E. H. ROBINSON et al., Respondents.

NELLIE G. JONES, Appellant, v. E. H. ROBINSON et al., Respondents.

ELSIE E. MYLAR, Appellant, v. E. H. ROBINSON et al., Respondents.

Russell H. Pray, W. K. Brown, Edgar B. Hervey and Henry F. Walker for Appellants.

Sanders & La Motte for Respondents.

GRIFFIN, J.—Appellants brought separate actions against respondents to recover damages resulting from an automobile accident. The actions were consolidated for trial and the jury was regularly sworn to try the issues. After a five weeks' trial, the jury rendered separate verdicts in favor of the appellants, upon which judgments were entered. Thereafter, respondents moved for a new trial in each action upon all the statutory grounds and in support thereof filed certain affidavits, including affidavits of three jurors who had dissented from the verdict. The order granting respondents' motions shows that they were granted upon the "ground of misconduct of the jury and the irregularity in the proceedings by which defendants were prevented from having a fair trial in that the juror, Mrs. Bruce Miles, possessed a state of mind showing prejudice against truck drivers". From the order of the court granting, in each case, the motions for new trial, this appeal is taken.

The affidavits of three jurors were received in evidence over the objection of appellants. Appellants now contend: (1) that the court erred in receiving the affidavits of the jurors in evidence; (2) that neither respondents nor their attorneys were ignorant of the facts set forth in the affidavits until after the rendition of the verdict; (3) that the court erred in granting the motions for a new trial.

Appellants and *amicus curiae* rely mainly on the theory that the order granting the new trial was limited to the sole question whether there had been prejudicial misconduct in that the juror Mrs. Miles possessed a state of mind showing prejudice against truck drivers, and contend that the only evidence by affidavit on that question arose from the three affidavits of the jurors which were erroneously admitted, citing *Estate of Magerl,* 201 Cal. 162, 168 [256 Pac. 204]; *Saltzman* v. *Sunset Telephone etc. Co.,* 125 Cal. 501 [58 Pac. 169]; *Tierney* v. *Charles Nelson Co.,* 19 Cal. App. (2d) 34 [64 Pac. (2d) 1150]; *Kinney* v. *King,* 47 Cal. App. 390 [190 Pac. 834]; *Borges* v. *Pacific Greyhound Lines, Inc.,* 10 Cal. App. (2d) 450 [51 Pac. (2d) 1146]; *Krebs* v. *Los Angeles Ry. Corp.,* 7 Cal. (2d) 549 [61 Pac. (2d) 931]; *Fennessey* v. *Pacific Gas & Elec. Co.,* 10 Cal. (2d) 538 [76 Pac. (2d) 104]; *Young Mines Co.* v. *Citizens State Bank,* 37 Ariz. 521 [296 Pac. 247].

For the reasons hereinafter expressed, we are unable to accept this limited interpretation of the order. In *Boca etc. R. R. Co.* v. *Sierra Valleys R. R. Co.,* (1905) 2 Cal. App. 546, 551 [84 Pac. 298], the court held the general rule to be that "if there be any grounds upon which the order of the court can be upheld, the order will be sustained, irrespective of the particular ground given by the court, whether in an opinion or by a statement in the order itself. The exception to the rule is that if the trial court, in its order granting a new trial, excludes by direct language the ground of insufficiency of evidence, and the record shows that there was a conflict of evidence, the appellate court will accept the conclusion of the trial court, and not re-examine the evidence", citing cases. (See, also, *Thompson* v. *Felton,* 54 Cal. 547; *Scott* v. *Times-Mirror Co.,* 178 Cal. 688 [174 Pac. 312]; *Clark* v. *Torchiana,* 19 Cal. App. 786 [127 Pac. 831]; *Chabot* v. *Tucker,* 39 Cal. 434, at 435; *Shanklin* v. *Hall,* 100 Cal. 26 [34 Pac. 636].)

█ The reasons given by a trial judge in support of an order which sets forth the ground or grounds on which the motion is granted are no concern of this court where adequate grounds are specified in the motion and established by uncontradicted affidavits, and particularly so where the court has failed to specifically exclude in the order for a new trial those specified grounds. █ After a specification of the grounds, the statement of the reasons of the trial court cannot limit this court's inquiry. (*Gulf Mail S. S. Co.* v. *W. A. Hammond S. S. Co.,* 67 Cal. App. 420 [227 Pac. 938]; 1 Cal. Jur. Supp. 494, sec. 476; *Condon* v. *Ansaldi,* 203 Cal. 180 [263 Pac. 198]; *Moore* v. *Specialty Oil Tool Co.,* 128 Cal. App. 662, 666 [18 Pac. (2d) 82]; *Boness* v. *Helphinstine,* 132 Cal. App. 677 [23 Pac. (2d) 420]; *Nally* v. *McDonald,* 77 Cal. 284 [19 Pac. 418]; *Wurzburger* v. *Nellis,* 165 Cal. 48, 50 [130 Pac. 1052]; *Churchill* v. *Flournoy,* 127 Cal. 355 [59 Pac. 791].) Of course, in the absence of a statement in the order that a new trial was granted on the ground of the insufficiency of the evidence to justify the verdict, it must be presumed on appeal that the order was not made on that ground unless it is insufficient in law and without material conflict. (*Breeze* v. *Southern Petroleum Tank Line Co.,* 5 Cal. App. (2d) 507 [43 Pac. (2d) 584]; *Leaper* v. *Gandy,* 22 Cal. App. (2d) 475 [71 Pac. (2d)

303] ; *Tweedale* v. *Barnett,* 172 Cal. 271, 274 [156 Pac. 483] ; *Tunmore* v. *McLeish,* 45 Cal. App. 266 [187 Pac. 443].)

In *Kauffman* v. *Maier,* 94 Cal. 269 [29 Pac. 481, 18 L. R. A. 124], it was said:

''The proposition of the appellant, that this court is limited upon this appeal to a consideration of the grounds specified in the order granting the new trial, is untenable. A party has the right to move for a new trial upon any or all of the grounds permitted by the statute, and if the record on which his motion is based discloses more than one ground for which a new trial should be granted, the court cannot, by stating in its order that the motion is granted upon one ground only, and denied upon the others, deprive the other party of the right to a review by this court of the entire record. The action of the court below is limited to granting or refusing a new trial, and except in those cases in which it is justified in limiting the new trial to one or more designated issues, the effect of an order granting a new trial is to place the cause in the position it held before any trial had been had. . . . A motion for a new trial is a proceeding in the nature of a new action wherein the statement or bill of exceptions corresponds to the complaint, and the specifications of error to a demurrer thereto, and the action of the trial court in sustaining the motion is to be treated on the same principles. If there be any grounds upon which its action can be upheld, the order will be sustained, irrespective of the particular ground given by that court, whether in an opinion or by a statement in the order itself.'' (See, also, *River Farms Co. of California* v. *Superior Court of the City and County of San Francisco,* 131 Cal. App. 365 [21 Pac. (2d) 643] ; *Sherwood* v. *Kyle,* 125 Cal. 652, 655 [58 Pac. 270] ; *Dynes* v. *Bekins Van & Storage Co.,* 175 Cal. 72 [165 Pac. 12] ; *Cahill* v. *E. B. & A. L. Stone Co.,* 167 Cal. 126 [138 Pac. 712] ; *Steil* v. *Sun Ins. Office,* 171 Cal. 795 [155 Pac. 72], and cases cited; *Smith* v. *Royer,* 181 Cal. 165 [183 Pac. 660] ; *La Rue* v. *Barr,* 208 Cal. 493 [282 Pac. 10] ; *Smith* v. *Mitchell,* 64 Cal. App. 463 [221 Pac. 964] ; *Clark* v. *Torchiana, supra.*)

It should be noted that section 657 of the Code of Civil Procedure provides in part as follows:

''The verdict may be vacated . . . and a new . . . trial granted . . . on the application of the party aggrieved, for

any of the following causes, materially affecting the substantial rights of such party:

"(1) Irregularity in Proceedings. Irregularity in proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;

"(2) Misconduct of the jury. Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors."

The court by its order granted the motions on the grounds set forth in subdivision (2), namely, "misconduct of the jury", and as set forth in subdivision (1) "irregularity in proceedings", with some attempted limitation, i, e., "that the juror, Mrs. Bruce Miles, possessed a state of mind showing prejudice against truck drivers". Subdivision (1) refers to matters which may not be fully presented by objections taken during the progress of the trial and which therefore must be shown by affidavit. (*Woods* v. *Jensen,* 130 Cal. 200 [62 Pac. 473].) This subdivision refers to irregularities of the court, jury, and adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial.

We are familiar with the rule that the question whether, under all the circumstances, an irregularity has materially affected substantial rights and prevented a fair trial is addressed to the discretion of the trial court which, having heard and seen the witness and having knowledge of circumstances which may not be produced in the record, is in better position than the appellate court to determine the effect. No accurate classification of such irregularities can be made, but it is said that an overt act of the trial court, jury, or adverse party, violative of the right to a fair and impartial trial, amounting to misconduct, may be regarded as an irregularity. The meaning of "irregularity in the proceedings of the jury" as a ground for new trial has not been judicially determined nor does the intention of the legislature in enacting such provision seem clear, in view of the subsequent provision of the act by which "misconduct of the jury" is also made a ground for a new trial.

It also seems to be the rule that where such irregularity is relied upon, the moving party must show affirmatively that both he and his counsel were ignorant of the facts constituting the irregularity charged until the rendition of the verdict, since it is settled that a party may not remain quiet, taking his chances upon a favorable verdict, and, after a verdict against him, raise a point of which he knew and could have raised during the progress of the trial. (*Sherwin* v. *Southern Pac. Co.*, 168 Cal. 722 [145 Pac. 92].)

In support of the order of the trial court, we may then properly assume that misconduct of the jury and irregularity in the proceedings were grounds on which the new trial was granted. This must be presented by affidavit. (Sec. 658, Code Civ. Proc.) The rule is well established that affidavits of jurors cannot be accepted for the purpose of impeaching the verdict other than to show that the verdict was a chance verdict. However, in *Williams* v. *Bridges*, 140 Cal. App. 537 [35 Pac. (2d) 407], the court held that the uncontradicted affidavits of jurors were admissible in reference to the statement of the jurors on examination under *voir dire* relating to facts which had their origin before empanelment and continued until discharge of the jury, and ordered a new trial granted.

We only consider it necessary to resort to the uncontradicted affidavits, exclusive of those presented by the jurors, to uphold the order of the trial court. After an examination of the affidavits, and assuming the truthfulness thereof in support of the order, it is self-evident, without further argument here, that the order should be affirmed without examining other grounds presented.

One of the attorneys for respondents recites in his affidavit in support of the motion for new trial that he was present in the courtroom during most of the time the actions were being tried; "that on the trial of said action evidence was received indicating that defendants were insured, and affidavits were filed in support of the motion for mistrial, which affidavits are by this reference thereto incorporated herein and made a part hereof, and that thereafter additional matters were brought before the jury showing that said parties were insured, and on each such occasion the said parties moved the court for a mistrial on the grounds which were shown in the said affidavits, which motion was denied and an exception made. . . . That all of the above

matters constitute misconduct and rulings of the court in the exercise of his discretion which prevented the parties represented by affiant from having a fair trial.''

The affidavits referred to filed in support of the motions for mistrial, which affidavits were by reference incorporated in the affidavit for new trial and made a part thereof, are not before this court and no reference thereto has been made by appellants in their transcript on appeal. We therefore cannot presume error, insufficiency of the affidavits to support the order of the court granting the motions for new trial, or that the order appealed from has resulted in a miscarriage of justice. (*Doak* v. *Bruson*, 152 Cal. 17 [91 Pac. 1001].)

The evidence before the trial court, according to the motion for diminution of the record, was replete with inferences and insinuations that respondent carried insurance. To this evidence objection was duly made and this objection was followed by a motion to declare a mistrial.

It appears from the affidavit that counsel for respondents did all he could do to call to the attention of the court the irregularities in the proceedings by which the respondents were prevented from having a fair trial. It cannot be said fairly, that the parties remained quiet and preferred to take their chance on a favorable verdict and that after a verdict against them they then for the first time raised a point of which they knew and could have raised during the progress of the trial, particularly as to the affidavit pertaining to the ''irregularities in the proceedings'' in which respondents were prevented from having a fair trial. The prompt action of respondents in this regard removed the case from the rule laid down in *Sherwin* v. *Southern Pac. Co., supra, Merralls* v. *Southern Pac. Co.,* 182 Cal. 19 [186 Pac. 778], and *Piercy* v. *Piercy,* 149 Cal. 163 [86 Pac. 507].

In analyzing the authorities, we are mindful of and must be guided by the general rule, i, e., that a motion for a new trial is to a large extent addressed to the legal discretion of the court to which the application is made and that its action in granting a new trial is conclusive and will not be disturbed in the absence of a clear and affirmative showing of a gross, manifest or unmistakable abuse of discretion. Such discretion is very wide and every presumption is indulged in support of the action of the court in passing upon the motion (*Whitfield* v. *Debrincat,* 18 Cal. App. (2d) 730

[64 Pac. (2d) 960]) and a stronger showing is required to justify interference with an order granting than one denying a new trial, unless made upon some legal proposition which may be considered in itself; and every presumption is indulged in support of the court in passing upon the motion. (*Hole* v. *Takekawa,* 165 Cal. 372 [132 Pac. 445]; *Cooney* v. *Furlong,* 66 Cal. 520 [6 Pac. 388]; *Skinner* v. *Horn,* 144 Cal. 278 [77 Pac. 904]; 20 Cal. Jur., sec. 13, p. 27.)

In *Whitfield* v. *Debrincat, supra,* this same general rule was applied where the motion for new trial was made solely on the ground of ''surprise occurring at the trial, which ordinary prudence could not have guarded against''.

We perceive no evidence from the record before us in the instant case supporting the contention of appellants that the trial court abused its discretion in granting the motion for a new trial. The court may well have concluded that the claimed irregularities in the proceedings, misconduct of the jurors, counsel, and the court, were such that the only way to obviate any resulting prejudice to the rights of respondents was to grant a new trial.

The order from which this appeal is perfected is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 30, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 31, 1939.